No. 1,632.

## GIBBS *v.* ELY, ADMR.

DECEDENT'S ESTATE.—*Claim, Sufficiency.—Breach of Covenant.— Deed.—Possession.*—Where a claim against a decedent's estate for a breach of covenant in a deed discloses that the deceased, instead of delivering possession according to the covenant of his deed, retained possession, stating the amount of the claimant's damage, the claim is sufficient, and it matters not whether the deceased retained personal possession or put another in his stead.

SAME.—*Claim, Essentials Of.*—It is not necessary that a claim against an estate fulfill all the requirements of an ordinary complaint.

From Morgan Circuit Court.

*E. M. McCord* and *W. R. Harrison*, for appellant.

*O. Matthews*, for appellee.

ROSS, J.—This action was in the nature of a claim filed against the estate of Velorus Butterfield, of which appellee is the administrator, for the breach of a warranty contained in a deed of conveyance executed by the deceased in his lifetime to appellant.

The record discloses that on the 12th day of October, 1894, the appellant filed his amended claim or complaint in two paragraphs, and on the 13th day of October an additional or third paragraph.   The first paragraph was merely a statement of the nature of the claim with

a bill of particulars containing the items for which a recovery was sought, and was properly verified as required by the statute. Section 2310, R. S. 1881 (section 2465, R. S. 1894). The amended second and additional or third paragraphs were more specific in their charges than the first, and were more in conformity with the rules of pleading required in ordinary actions. Neither of these paragraphs was verified. Demurrers were sustained to each of the paragraphs. There is but one specification of error assigned in this court and it calls in question the ruling of the court below in sustaining the demurrer of appellee to the additional or third paragraph of appellant's claim or complaint.

The material allegations of this paragraph as enumerated by counsel for appellant are that the deceased, Velorus Butterfield and wife, on the 19th day of August, 1892, in consideration of twenty-five hundred dollars, conveyed and warranted to the appellant a certain tract of land in Hendricks county, Indiana, covenanting that the appellant "should have possession March 1, 1893, of said property;" that said Butterfield failed to give him possession on the 1st day of March, 1893, but on the contrary authorized one Sellers to enter upon, take and retain possession of the premises; that the deceased brought an action in the name of appellant, with appellant's consent and upon the understanding that the deceased would pay all the costs and expenses of such litigation, to oust Sellers and to recover possession, but that he failed in said action; that costs and expenses accrued by reason of such litigation amounting to eighty-eight dollars and fifty cents, which appellant had to pay. It is also alleged that upon the death of said Butterfield the appellee, Calvin Ely, was appointed administrator, and that he authorized and directed appellant to proceed to oust Sellers and agreed

that he, as such administrator, would pay whatever sums appellant might have to pay in such proceedings to gain possession ; that he instituted proceedings and at the end of one year recovered possession, by reason of which he was compelled to and did expend the sum of thirty-five dollars.   It is further charged that Sellers, the party who held possession, was insolvent, and that the rental value of said land for the year during which appellant was kept out of possession was worth two hundred and fifty dollars.   Finally it is charged that these several sums are due and unpaid, etc.

Those parts of appellant's claim based upon the agreement made with the deceased subsequent to the execution of the deed whereby he instituted proceedings for possession, and the agreement entered into between appellant and appellee after the death of Butterfield, are not proper upon which to base a recovery for a breach of the covenant in the deed.   If appellant has any right of action for that part of his claim it must rest upon a breach of such parol contracts.

This leads to a consideration of the remaining element of the claim and its sufficiency depends upon the force and effect to be given the following words in the deed of conveyance, to-wit :   "It is understood and agreed that the said John Gibbs is  *  *  *  to have possession March 1, 1893, of said property."

Under section 5215, R. S. 1881 (section 7096, R. S. 1894), "a conveyance of real estate, or any interest therein, by a landlord, shall be valid, without the attornment of the tenant."   As to a tenancy then existing, a conveyance by the landlord transfers to the grantee the possession and enables him without attornment to collect the rent and to enforce all other obligations of the tenant, and on the other hand requires the tenant to deliver up to the grantee possession at the end

of the tenancy. Unless otherwise provided a conveyance divests the grantor and invests the grantee with all his rights establishing the relation of landlord and tenant between him and a tenant rightfully in possession under the grantor. *Williams* v. *Frybarger*, 9 Ind. App. 558; *Kellum* v. *The Berkshire Life Ins. Co.*, 101 Ind. 455.

The right to possession of the property conveyed, under the provisions of the deed, did not vest in appellant until March 1, 1893, hence the grantor's right to retain possession gave him the right to lease the premises during the time he was entitled to their use and possession.

The facts alleged show that the deceased instead of delivering possession according to the covenant of his deed retained possession, hence broke his covenant. And it matters not whether he retained personal possession or put another in his stead. Had the deed of conveyance made no reservation of possession to the grantor, and no tenancy existing, he would have been required to give the grantee immediate possession, so if he reserved the right of possession until a stated time, it simply deferred the time for giving possession until that time arrived.

The failure to give possession on the 1st day of March, 1893, was clearly a breach of the covenants of the deed and entitled appellant to recover therefor.

A claim filed against an estate need not fulfill all the requirements necessary in an ordinary complaint. The third paragraph of appellant's claim or complaint was sufficient and the court erred in sustaining the demurrer thereto.

Judgment reversed.

Filed September 19, 1895.