Barker v. Denning.

---

No. 18,583.

W. E. BARKER, *Appellee*, v. WALTER DENNING et al., *Appellants*.

SYLLABUS BY THE COURT.

1. CONVEYANCE OF LAND—*Delivery of Deed—Grantee's Right to Possession.* Upon the sale of a piece of land and a delivery of a deed therefor warranting the land to be free and clear of all incumbrances, the grantee is entitled to the possession of the land from the date of the delivery of the deed.

2. SAME—*Possession by Tenant—Duty of Grantor to Deliver Possession.* If the land is in the possession of a tenant of the grantor at the time of the conveyance, no duty rests upon the grantee to notify the tenant to vacate, but the duty rests upon the grantor to deliver possession in accordance with the deed.

3. SAME—*Damages Recoverable by Grantee.* If the grantee is excluded from the possession of the land by a tenant, lawfully holding possession thereof by contract with the grantor, the grantee is entitled to recover as damages from the grantor the value of the use and occupancy for the time he is excluded.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed February 7, 1914. Affirmed.

*W. P. Hackney, J. T. Lafferty,* and *F. C. Johnson,* all of Winfield, for the appellants.

*Ed. J. Fleming,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: On January 4, 1909, the appellants sold the eighty-acre tract of land involved in this action to the appellee and delivered to appellee a deed of conveyance warranting the land to be free and clear of all incumbrances. On the first of March, following, the appellee went upon the land to do some cultivating thereon, and was excluded therefrom by one Ed Cash, a tenant of the appellants. Thereupon the appellee gave notice to Cash to quit, and brought an action against him for forcible entry and detainer. On the trial it developed that the tenant had rented the land of appellants some three or four years previously, and had been holding over from year to year thereafter without any contract. The notice to quit served upon him was not served thirty days prior to March 1, 1910. In that action it was held that Cash was a tenant from year to year, and for want of reasonable notice to quit was entitled to hold the land until March 1, 1911, and judgment for costs was given against the appellee.

On February 19, 1912, appellee commenced this action against appellants to recover damages for the breach of the warranty in the deed. Issue was joined by the appellants and a jury trial was had. Much evidence was introduced relating to the costs and attor-

neys' fees in the trial before the justice of the peace, and expenses in attempting to remove the tenant, Cash, but on the motion of appellants all evidence in regard to damages was withdrawn from the consideration of the jury except the evidence relating to the value of the use and occupancy of the premises from the delivery of the deed until March 1, 1910, and from March 1, 1910, to March 1, 1911, and the jury were likewise so directed in the instructions.

The appellee claimed damages for the use of the land to March 1, 1910, of $150, and from March 1, 1910, to March 1, 1911, $700. The jury returned a verdict in favor of appellee for $450. A motion for a new trial was overruled, and judgment was rendered for that amount and costs. The appellants asked for several instructions relating to the measure of damages, one or two of which might have been properly given, but they were substantially covered by the instructions given by the court.

It is contended that the appellee proved no value of the use of the land from the time of the delivery of the deed to March 1, 1910, and it does not affirmatively appear that the appellee recovered any damages for that period. There was evidence that the value of the use of the premises from the delivery of the deed was about $500. This is the period for which the court correctly instructed the jury that the appellee was entitled to recover rent.

Upon the sale of the land and the delivery of the deed, warranting the land to be free and clear of all incumbrances, the grantee was entitled to the possession of the land from the date of such delivery. If the land was in the possession of a tenant of the grantor at the time of the conveyance, no duty rested upon the grantee to notify the tenant to vacate the land, but it was the duty of the grantor to deliver possession in accordance with the deed.

If the grantee was excluded from the possession of the land by the tenant, lawfully holding possession thereof under contract with the grantor, the grantee is entitled to recover as damages from the grantor the value of the use and occupancy for the time he was excluded.

The judgment is affirmed.