## REEVES & CO. v. PHILLIPS.

No. 6922.   Opinion Filed April 11, 1916.

(156 Pac. 1179.)

1. **PRINCIPAL AND AGENT—Rights and Liabilities As to Third Parties—Authority of Agent—Question for Jury.** The apparent authority of an agent is to be gathered from all the facts and circumstances, and is a question of fact for the jury.

2. **ACCORD AND SATISFACTION—Requisites—Payment in Different Medium.** A liquidated money demand may, with the consent of the parties, be discharged by the delivery of property or part money and part property, and, if the latter is received by the creditor in full discharge of the indebtedness, there is a good accord and satisfaction.

3. **SAME—Consideration.** If a creditor accepts payment of a liquidated demand in a different mode or medium from that called for by the contract between the parties, in full discharge of the demand, there is a sufficient new or additional consideration to support the transaction as an accord and satisfaction.

4. **SAME—Evidence—Sufficiency.** Evidence examined, and **held** sufficient to support the verdict returned by the jury.

(Syllabus by the Court.)

*Error from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Action by Reeves & Co. against A. L. Phillips, surety on promissory note. Judgment for defendant, and plaintiff brings error. Affirmed.

*Fowler & Harrison (W. R. Baxter* and *John A. Carver,* of counsel), for plaintiff in error.

KANE, C. J.   This was an action upon five promissory notes, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. The petition was in the usual short statutory form.   The answer admitted the execution of the notes, as set out in plaintiff's petition, and, by way of defense, alleged in effect that said notes were executed in payment of one No. 4781, H. P. C. engine, purchased by the makers thereof from the plaintiff; that the original purchase price of said engine was $1,675, of which $100 was paid in cash and the balance evidenced by said promissory notes; that said notes are the same as the ones set out in plaintiff's petition, with the exception of one for $150, which was paid by the makers upon maturity; that, when the next note of the series became due, said makers being unable to pay the same, it was agreed by and between said makers and said plaintiff that, in consideration of the retention of the payments already made and the return of the engine, said plaintiff would release said makers from further liability on the outstanding notes; that, in pursuance of said agreement, said makers did turn over to said plaintiff said engine, and said plaintiff did accept the same in whole satisfaction of said notes and shipped the same to its place of business in Oklahoma City. The reply was a general denial.   Upon trial to a jury, there was a verdict for the defendant for costs, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The only error complained of is that "said court erred in refusing to instruct the jury to return a verdict in favor of the plaintiff."   Of the questions arising out of this general assignment, counsel in their brief say:

"Naturally, the following questions suggest themselves in considering the case at bar: (1) Did defendants make an agreement with an agent of the plaintiff to accept the return of the engine in satisfaction of the notes? (2) And, if so, was he authorized to bind the plaintiff? (3) And, if so, was there a consideration for this alleged agreement?"

We are of the opinion that each of the foregoing questions must be answered in the affirmative. The evidence introduced by the defendant tended to establish each and every allegation of fact set up in the answer. It shows the sale and purchase of the engine and the terms thereof, the partial payment of the purchase price, and the execution of the notes for the balance thereof; the cash payment of the first note of the series to fall due, and the inability of the makers to meet the next one at maturity; that at this point an agent of the company appeared, who, pursuant to the agreement set out in the answer, took possession of the engine and shipped it back to the plaintiff at Oklahoma City. This, it seems to us, constituted a good accord and satisfaction. The evidence adduced by the plaintiff, to a considerable extent, was corroborative of the evidence of the defendant.

Mr. Felix, the agent of the company, who took possession of the property, testified, in effect, as follows:

"Mr. Nichol, one of the makers, was unable to take care of past-due paper and was willing to give possession of this machinery. I told him it would be cheaper to give possession and ship it into Oklahoma City and have the mortgage foreclosed there than to send sheriff to bring it to Talihina, to which he agreed and brought it to Talihina, himself. I took possession of that machinery under mortgage for the purpose of selling it to satisfy mortgage debt. I had instructions to exhaust the chattel security. I mean exhausting chattel security is taking

possession of same and foreclosing under terms of chattel mortgage."

The only point in dispute between - the parties is whether the machinery was turned back to the company under the agreement set up by the defendant, or was taken for the purpose of foreclosing a chattel mortgage executed to secure the balance of the purchase price, as testified by Mr. Felix. There being a sharp conflict in the evidence on that point, the verdict of the jury settled the question in favor of the defendant. We think, also, there was sufficient evidence to take to the jury the question of the authority of the agent to enter into an accord and satisfaction.

The apparent authority of an agent is to be gathered from all the facts and circumstances and is a question of fact for the jury. *Ricker National Bank v. Stone*, 21 Okla. 833, 97 Pac. 577; *Wrought Iron Range Co. v. Leach*, 32 Okla. 706, 123 Pac. 419.

On the general question of accord and satisfaction, we may say in passing that while the debtor has no right to require that payment of a money demand be received in other than money, and the creditor has no right to demand that he be paid in other than money, still a liquidated money demand may, with the consent of the parties, be discharged by the delivery of property or part money and part property, and, if the latter is received by the creditor in full discharge of the indebtedness, there is a good accord and satisfaction. 1 R. C. L. 189.

It is also well setled that if a creditor accepts payment of a liquidated demand in a different mode or medium from that called for by the contract between the parties, in full discharge of the demand, there is a sufficient new

or additional consideration to support the transaction as an accord and satisfaction.    1 R. C. L. 187.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.