ADAMS, Respondent, v. DURFEE et al., Appellants

(No. 5,168.)

(Submitted April 28, 1923.   Decided May 19. 1923.)

[215 Pac. 664.]

*Real Property — Conveyances — Failure to Give Possession —
Damages—Complaint—Sufficiency—Uncertainty in Pleading
—Special Demurrer—Instructions—Estoppel.*

Real Property—Warranty Deed—Failure to Give Possession—Damages—
Complaint—Sufficiency—General Demurrer.
1.  Complaint in an action against the vendor of land for damages
for failure to deliver possession, alleging that plaintiff was the
owner thereof under warranty deed; that plaintiff was entitled to
immediate possession; that defendant failed to give possession, to
plaintiff's damage in a given amount,—was sufficient as against a
general demurrer.

Pleading—Uncertainty—Special Demurrer.
2.  Uncertainty of averment in a pleading can be reached only by
special demurrer.

Same—Complaint—When Sufficient as Against General Demurrer.
3.  If the allegations of the complaint warrant a recovery in any
amount and upon any admissible theory, the pleading will withstand
a general demurrer.

Real Property—Warranty Deed—Grantee Entitled to Immediate Posses-
sion.
4.  Where real property is conveyed by warranty deed, the grantee
is entitled to immediate possession of the premises, and where at
the time of the conveyances they are in the possession of a tenant,
no duty rests upon the grantee to dispossess the latter, it being
incumbent upon the grantor to deliver possession in accordance with
the deed.

Same—Answer—New Matter—What Did not Constitute.
5.  In an action by the purchaser of land to recover possession,
the answer alleging that vendor's tenant was wrongfully in posses-
sion at the time of the conveyance and that plaintiff, after accepting
the deed, had sued the tenant in an attempt to oust him, did not con
stitute new matter requiring a reply.

Failure to Give Possession—Damages—Estoppel—What Does not Con-
stitute.
6.  The facts that a grantee under a warranty deed had notice of
an outstanding lease at the time the deed was delivered and had later
instituted suit to dispossess the lessee, did not estop him from main-
taining an action to recover damages for failure to deliver pos-
session.

Instructions—To be Construed as a Whole.
7.  An instruction must be considered as a whole and therefore
a segregated portion thereof should not be considered to the ex-
clusion of the other portions.

[67 Mont. 315.]

Real Property—Deed—Parol Testimony Inadmissible to Vary Terms.
　　8.　Testimony concerning an alleged oral agreement between vendor and vendee that the latter bought the land subject to the right of possession of a tenant, in contravention of the recitals in the deed, was inadmissible under the rule that execution and delivery of the deed supersede all former oral agreements.

　*Appeal from District Court, Granite County, in the Third Judicial District; James M. Self, a Judge of the Fourth District, presiding.*

　ACTION by G. Z. Adams against M. C. Durfee and another. From the judgment for plaintiff and from an order denying defendants' motion for new trial, defendants appeal. Affirmed.

　*Mr. D. M. Durfee* and *Mr. W. E. Moore,* for Appellants, submitted a brief and argued the cause orally.

　The complaint was insufficient. There is not any allegation that the plaintiff, covenantee, was kept out of possession and enjoyment of the premises by any person claiming title paramount or by the personal acts of the defendants themselves. There must be some actual disturbance of the possession equivalent to a lawful eviction under paramount title. (*Playtter* v. *Cunningham,* 21 Cal. 229, at p. 233; *Chestnut* v. *Tyson,* 105 Ala. 149, 53 Am. St. Rep. 101, 16 South. 723; *Brown* v. *International Land Co.,* 29 Okl. 341, 116 Pac. 799; *Poley* v. *Lacert,* 35 Or. 166, 58 Pac. 37; *Moore* v. *Weber,* 71 Pa. St. 429, 10 Am. Rep. 708; *Gardner* v. *Keteltas and McCarty,* 3 Hill (N. Y.), 330, 38 Am. Dec. 637; 15 C. J. 1279, par. 128.)

　The testimony shows that plaintiff knew at the time of the execution of the deed that another person was in the possession of the premises. The court should have given appellants' offered instruction on this point. (*Padden* v. *Murgittroyd,* 54 Mont. 1, 165 Pac. 913; *Richardson* v. *Brower,* 71 Wash. 192, 127 Pac. 1098; *Allen* v. *Lee,* 1 Ind. 58, 48 Am. Dec. 352; 15 C. J. 1312, par. 214.)

　The court erred in excluding testimony showing that at the time of the execution of the deed another was in posses-

sion of the premises and it was understood and agreed between the plaintiff and the defendants that plaintiff would not get possession of the premises until he could be gotten out of possession. (15 C. J. 312, par. 214; *Allen* v. *Lee,* 1 Ind. 58, 48 Am. Dec. 352; *Padden* v. *Murgittroyd,* 54 Mont. 1, 165 Pac. 913; *Richardson* v. *Brower,* 71 Wash. 192, 127 Pac. 1098.)

*Mr. Wingfield L. Brown* and *Mr. R. Lewis Brown,* for Respondent, submitted a brief, the former arguing the cause orally.

MR. COMMISSIONER ROSE prepared the opinion for the court.

This action was instituted by the plaintiff to recover damages by reason of being deprived of the use of certain real [1] property. It is alleged in the amended complaint, in substance, that the plaintiff is the owner of said premises consisting of 320 acres of agricultural lands; that the defendants conveyed the lands in fee simple to him by warranty deed and that plaintiff thereupon was entitled to the immediate possession of the same; that the defendants failed to give possession and that by reason thereof plaintiff was deprived of the use and enjoyment of said premises for about nine and one-half months; that the value of the rents and profits of said lands during such period was $1,500, the amount of damages claimed to have been sustained.

To this amended complaint defendants filed a general demurrer, which was overruled by the court. The answer admitted the sale of the lands, denied the material allegations of the complaint, and alleged that one C. C. Edwards was wrongfully in possession of said premises, all of which the plaintiff knew at the time of purchase. It is further alleged that plaintiff was estopped to raise the question of defendants' failure to give possession of the land or claim damages therefor, in that he commenced an action in ejectment against C. C. Edwards, and alleged therein that the said

Edwards was wrongfully in possession of the premises described, and demanded possession thereof.

On these pleadings the case was tried to a jury, and a verdict returned for the plaintiff, upon which judgment was duly entered. These appeals are from the judgment and from the order denying defendants' motion for a new trial.

Appellants contend that the complaint fails to state a cause of action, for the reason that none of the covenants of the deed from defendants to plaintiff were set forth therein, and particularly the covenant for quiet enjoyment, either *in haec verba* or otherwise, and that there were no allegations to show a breach of any covenant. No question has been urged against the sufficiency of the complaint upon any other theory, and we need not consider any other in testing its sufficiency.

The only reasonable interpretation of the complaint, as contended by the respondent, is that it is founded on the wrongful occupation of real property and not on the breach of any specific covenant in the deed. The remedy sought is that provided by section 8687 of the Revised Codes of 1921, which defines the measure of damages as follows: "The detriment caused by the wrongful occupation of real property * * * is deemed to be the value of the use of the property for the time of such occupation * * * and the costs, if any, of recovering the possession."

It is apparent from an inspection of the complaint that the purpose of the pleader was to state a cause of action for a breach of duty by the defendants in depriving the plaintiff of the use and enjoyment of the land. The complaint in this [2] case is not an example of perfect pleading, but the most that can be said of it is that it is uncertain in some particulars, and this is a defect that can be reached only by special demurrer. (Sec. 9131, Rev. Codes 1921.) The allegations are not inconsistent and come within the rule frequently announced by this court. "If the allegations of the complaint [3] warrant a recovery by the plaintiff in any amount and upon any admissible theory, the pleading will withstand a

general demurrer or an objection to the admission of evidence." (*Hurley* v. *Great Falls B. A.,* 59 Mont. 21, 195 Pac. 559; *Cassidy* v. *Slemons & Booth,* 41 Mont. 426, 109 Pac. 976.)

In *Richmond Wharf & Dock Co.* v. *Blake,* 181 Cal. 454, 185 Pac. 184, the court said: "A land owner, who brings a suit for the use and occupation of his property, need only allege his ownership of the land, occupation of said land by defendant, the reasonable value of the use of the property for the period of occupation, and that such sum is unpaid." We are of the opinion that the complaint contains sufficient averments to show the creation of a legal liability on the part of appellants. (*Leyson* v. *Davenport,* 38 Mont. 62, 98 Pac. 641; *Long Bell Lbr. Co.* v. *Martin,* 11 Okl. 192, 66 Pac. 328; *Jones* v. *Timmons,* 21 Ohio St. 596; *Eva* v. *McMahon,* 77 Cal. 467, 19 Pac. 872; *Baldwin* v. *Bohl,* 23 S. D. 395, 122 N. W. 247; *Williams* v. *Frybarger,* 9 Ind. App. 558, 37 N. E. 302.)

The plaintiff submitted proof in support of the allegations of his complaint and the trial court very properly denied defendants' motion for nonsuit. The record discloses that on June 9, 1919, the defendants, by warranty deed, without any exceptions or reservations therein, conveyed to the plaintiff the land in question. The plaintiff testified as follows: "On or about the ninth day of June, 1919, I had some dealings with Mr. M. C. Durfee relative to purchasing this property. On or about that date a deed was executed to me. At the time I had these negotiations with Mr. M. C. Durfee there was someone in possession of the land described in this complaint. It was Mr. Edwards—C. C. Edwards I believe—Clif. Edwards. As to whether or not at the time I got the deed from Mr. Durfee I made any effort to get possession of the property, I told Mr. Durfee at the time that I would not have any hand in trying to get Mr. Edwards off the place; that Mr. Durfee would have to get me possession.  *  *  *  I demanded possession several times—not from Mr. Durfee but from Mr. Featherman—except at the time the deed was made out I demanded that from Mr. Durfee. After that I never saw him

but once. He said he could not get Edwards off. He knew all the time that Edwards was on the place. * * * I never brought any suit against Mr. Edwards. I signed the papers Judge Durfee asked me to sign. At the time the suit was brought I knew that Mr. Edwards was in possession of the ranch. As to whether or not he claimed possession of the premises, I never talked with Mr. Edwards. Mr. Durfee was doing the talking."

Mr. Edwards testified that he lived on the land from May, 1918, to February 22, 1919, and that when he went there, Marion Durfee, one of the defendants, put him in possession of the place. The defendant M. C. Durfee testified: "I sold this property to Adams. At the time I sold this property to Adams, Edwards was in possession. * * * I was not farming in 1919. The business I was engaged in at that time was trying to get Edwards off that place—that was part of the time."

H. O. Featherman testified with reference to the sale of the land described in the complaint, that he helped make the sale [4] for Mr. Durfee, and that he drew the deed. When the defendants conveyed the property by warranty deed to the plaintiff, he thereupon became entitled to the immediate possession of the premises.

"A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery is made." (Sec. 6845, Rev. Codes 1921.)

"Grants are to be interpreted in like manner with contracts in general, except so far as is otherwise provided in this Chapter." (*Id.*, sec. 6849.)

The evidence discloses that the land was in the possession of a tenant of the grantor at the time of the conveyance. This being true, no duty rested upon the grantee to dispossess the tenant, but it became and was the duty of the grantor to deliver possession in accordance with the deed. An outstanding

[67 Mont. 315.]

lease of the premises known to the purchaser at the time of the conveyance may be set up as a breach of the covenant for possession. (*Gibbs* v. *Ely,* 13 Ind. App. 130, 41 N. E. 351; *Williams* v. *Frybarger, supra.*) It does not matter whether the grantor retains personal possession or puts another in his stead. The very object of the conveyance by warranty deed may have been to compel the grantor to oust the tenant in order that the grantee might have the full possession and enjoyment of the premises. It will be borne in mind that this is an action for damages for a breach of duty owed respondent by appellants for failure to deliver possession of real property, and is not an action for a breach of covenant, after eviction, by one holding a paramount title, claim or right to possession derived from the appellants. (*Barker* v. *Denning,* 91 Kan. 485, 138 Pac. 573; *Winn* v. *Taylor,* 98 Or. 556, 190 Pac. 342, 194 Pac. 857.)

The allegations in the answer that Edwards was wrongfully [5] in possession of the premises at the time of the conveyance, which fact was well known to plaintiff, and further, that the plaintiff, after acceptance of the deed, instituted an action in ejectment against Edwards in an attempt to oust him, are not facts constituting new matter within the contemplation of section 9158, Revised Codes of 1921, providing for a reply whenever "the answer contains a counterclaim, or any new matter," and therefore required no reply, for the reason that, even conceding the truth of such allegations, and the facts stated were capable of proof, they constituted no defense and [6] did not bar a recovery. The mere fact that respondent had notice of an outstanding lease at the time he accepted the deed and had later instituted suit to dispossess the lessee would not estop him from maintaining an action to recover damages for failure to deliver possession. (*Barker* v. *Denning, supra; Winn* v. *Taylor, supra; O'Connor* v. *Enos,* 56 Wash. 448, 105 Pac. 1039; *West Coast M. & I. Co.* v. *West Coast Imp. Co.,* 25 Wash. 627, 62 L. R. A. 763, 66 Pac. 97.)

Having determined that the complaint in this action is not open to attack by general demurrer and that under the pleadings and proof the motion for nonsuit was properly ruled upon in the trial court, the reasons given therefor dispose of the defendants' objections to the giving and refusing of certain instructions by the court assigned as error by appellants. The exception to the ruling of the court in giving instruction, No. 5 over defendants' objection, upon the ground that it amounted to a directed verdict for plaintiff and was not warranted by the pleadings or proof, will avail appellants nothing in this court. When construed as a whole, the instruction complained of properly stated the law. The court advised the jury as to plaintiff's right to possession of the land under the deed given and, as admitted, that he did not get possession until about March 21, 1920, and then follows the portion complained of: "You are further instructed that the only issue to be tried by you is the amount of damage, if any, the plaintiff suffered by reason of the fact that such possession, use, and occupation of the premises was withheld from him until the first day of March, 1920." And immediately following and as a continuation of the same clause appears: "Such damages to be fixed by you if you find from a preponderance of the evidence that any were sustained by the plaintiff," *etc.* In substance the jury were instructed that if they found from the evidence that plaintiff sustained any damage by reason of failure of the defendants to deliver possession of the land, if they did so find, then the only remaining issue was the amount of damages, and then followed a definition of the measure of damages. There was no evidence to warrant a [7] refusal of this instruction. A segregated portion of an instruction should not be considered to the exclusion of the other portions. The instruction should be construed as a whole.

The trial court very properly excluded all testimony [8] concerning oral agreements between the parties, inconsistent with the deed relating to the possession of the land

at the time of conveyance, for the reason that the agreements such as defendants attempted to prove did not come within the exception to the general rule of evidence which deems all such parol negotiations as abandoned or extinguished upon the delivery of the deed. (Sec. 10517, Rev. Codes 1921.) Parol evidence is not admissible to show that the grantee bought the land subject to the right of possession of a tenant of the grantor. Nothing can be added to or excepted from the recitals in the deed, for the reason that the execution and delivery of the deed supersede all former oral agreements. (*Jones* v. *Timmons, supra; Winn* v. *Taylor, supra; Donnell* v. *Humphreys,* 1 Mont. 518.)

The case of *Padden* v. *Murgittroyd,* 54 Mont. 1, 165 Pac. 913, cited by appellants in support of their objection to the exclusion of such testimony, was an action involving the ownership of personal property claimed by a tenant before and after deed had passed, which fact was known to grantee, and this was not considered a breach of warranty. The case is not in point.

Finding in the record no error prejudicial to appellants, of which they complain, we recommend that the judgment and order denying a new trial be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*