## WILLIE & PENIX v. PARAMORE.

No. 24155. Feb. 5, 1935.

Sandlin & Winans, for plaintiffs in error.

W. H. Sitton, for defendant in error.

PER CURIAM. W. R. Paramore, defendant in error, filed suit in the district court of Stephens county, Okla., against the plaintiffs in error, in which petition he states that the defendants are a partnership composed of Carl G. Willie and W. H. Penix.

As a basis for his cause of action, he states

that in October, 1930, he, by oral agreement, sold defendants a certain rotary rig, the property of J. M. Henry, for $1,500, and that the defendants agreed to pay him a commission of $500; that $150 of said commission has been paid him by J. M. Henry, the owner of said rig, which payment was made with the knowledge and consent of the defendants, and he asked judgment against the defendants for the balance of $350.

Both Carl G. Willie and W. H. Penix filed separate answers, duly sworn to, in which they each deny each and every allegation contained in the plaintiff's petition, and especially deny the partnership alleged in said petition.

By agreement of the parties, the cause was tried to a jury of six instead of twelve.

The plaintiff testified that he made a deal with C. G. Willie to sell them, Willie & Penix, a certain rotary oil well rig, then owned by J. M. Henry for $1,500, with the understanding that if they bought at that price he was to receive a commission of $500. He also testified that the defendants were partners (C.-M. 60). He was corroborated by other witnesses that Willie stated that he owed plaintiff a commission, but witness did not know how much, and there was some testimony by other witnesses that the defendants operated together.

Plaintiff further testified that when he and Willie went to Oklahoma City and closed the deal with J. M. Henry for the rig, Henry told plaintiff that he, Henry, owed him a commission of $150 for selling the rig; that plaintiff looked at defendant Willie and defendant nodded to him; that Henry paid him the $150 and he give defendants credit for it; that he had no agreement with Henry to sell the rig for him and was not acting as his agent in selling the same.

At the close of plaintiff's evidence, each of the defendants demurred to the evidence, and demurrers were overruled, to which each of the defendants excepted, and then asked for an instruction directing the jury to return a verdict in their favor, which motion was overruled and they excepted.

The defendants then offered the evidence of each of the defendants, and neither of them denied that they were partners at the time the rig was purchased, but Willie denied that he had made a deal with plaintiff in which he agreed to pay him any commis-

sion on the purchase of the rig; denied that he nodded to plaintiff in Oklahoma City when the conversation was had with Henry about the commission of $150.

Defendant Penix testified that he lived in Texas at the time and knew nothing about the purchase of the rig until some notes were sent to him to sign in the purchase of the same; that he signed the notes and issued a check for the sum of $500 in payment for the rig; that on January 12, 1931, he purchased the interest of C. G. Willie, and that he had never heard of the plaintiff or his claim for commission until after that date or at the time. He was not certain which.

The jury returned a verdict in favor of the plaintiff for the sum of $350. Defendants appealed.

Plaintiffs in error in their brief make but three assignments of error, as follows:

(1) Error in overruling motion for new trial.

(2) Error in overruling demurrer to evidence of plaintiff.

(3) Error of the court in refusing to instruct the jury, on their request, to return a verdict for them.

This narrows the issues down to two questions:

(1) Was the evidence of plaintiff sufficient to show that the defendants were partners?

(2) Was his evidence sufficient to establish his claim to a commission?

We think both of these questions should be answered in the affirmative.

"It is only when the evidence, with all the inferences the jury could reasonably draw therefrom, would be insufficient to sustain a verdict for the plaintiff, if a verdict in his favor is returned, that the court is authorized to direct a verdict for the defendant." Muskogee Electric Traction Co. v. Jackson, 88 Okla. 184, 212 P. 416.

We think the evidence of the plaintiff as to the existence of a partnership, which is not disputed, but which is corroborated by other evidence and circumstances, and his testimony as to the fact of his contract and the amount due him, with the corroborating testimony of other witnesses on other points, was sufficient to preclude the trial court, at the close of his evidence, from sustaining a demurrer thereto.

And while there is a sharp conflict on the question of employment of plaintiff and agreement to pay him any sum, between the testimony of plaintiff and defendants, that question is settled by the verdict of the jury. Chortney v. Curry, 99 Okla. 69, 225 P. 950.

Plaintiffs in error, in the conclusion in their brief, set forth as further grounds why they should have been given a peremptory instruction in their favor:

"That the alleged brokerage contract is not within the scope of the mining partnership.

"That the evidence shows that the alleged contract was procured by fraud and bad faith on the part of plaintiff.

"That the evidence shows that the plaintiff was acting for both parties to the trade and that his double employment was not known and assented to by both parties."

But these questions were not raised in the lower court and cannot be raised for the first time in this court. Chambers v. Van Wagner, 32 Okla. 774, 123 P. 1117; Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 P. 112; Long-Bell Lumber Co. v. Martin, 11 Okla. 192, 66 P. 328. If these questions had been raised in the lower court, they would have been questions for the jury.

From an examination of the entire record, we conclude that the plaintiffs in error, defendants below, had a fair trial, and that the judgment should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys T. G. Carr, C. E. Dudley, and G. M. Barrett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carr and approved by Mr. Barrett and Mr. Dudley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and GIBSON, JJ., concur.