**BRANIFF et al. v. McPHERREN et al.**

No. 26208. April 7, 1936.

Rehearing Denied June 23, 1936.

Melville F. Boddie, for plaintiffs in error.

Tench Tilghman, Curtis P. Harris, and J. D. Lydick, for defendants in error.

PER CURIAM. This is an action brought by the plaintiffs in error against the defendants in error to recover upon a lease of office space in an office building located in the city of Oklahoma City. The plaintiffs alleged that they and the defendants entered into a lease contract for space in said bui'ding for the period from January 1, 1930, to January 1, 1933, for a rent reserved in the sum of $3,960, payable $110 per month; that the defendants occupied the space until May 1, 1931, at which time they abandoned the lease and moved out of the building; that the plaintiffs, exercising their option under the lease, thereafter rented the space to another tenant, who occupied it for a period of 3 months and 10 days and paid rent thereon, which rent was credited to the account of the defendants. The defendants answered alleging that they moved out of said building with the consent of the plaintiffs and upon the agreement that they would cancel the lease made with the agent of the plaintiffs, one T. E. McCal'um; that McCallum was the general agent for the plaintiffs. The plaintiffs thereupon filed a verified reply denying the agency of McCa'lum.

The cause was tried to a jury, which returned a general verdict in favor of the defendants, and the plaintiffs now bring this appeal upon the ground that there was not sufficient evidence to sustain the verdict and the judgment.

It has long been the rule of this court that it will not pass upon any question of conflict of the evidence where a jury has made its finding and there is sufficient evidence to sustain the verdict. Willie & Penix v. Paramore, 170 Okla. 499. 40 P. (2d) 1110; Gregory v. Oklahoma Operating Co.. 139 Okla. 243, 282 P. 139; King Auto Service v. Hodges, 143 Okla. 260, 288 P. 483; Kelley v. Hamilton, 78 Okla. 179, 189 P. 535; Case v. Posey, 55 Okla. 163, 154 P. 1165. Therefore, the only question in this appeal is whether or not the evidence introduced favorable to the defendant in the trial court, together with all the reasonable conclusions and inferences that may be drawn therefrom, is sufficient to sustain the jury's verdict.

The defendants introduced evidence showing that T. E. McCallum, as agent for the plaintiffs, had held himself out as manager of the building for a period in excess of 10 years; that he was known as the building manager; that upon his desk was a sign "Manager" or "Building Manager"; that all negotiations for space and rates of rent were carried on through McCal'um and that he collected the rents. The evidence further shows in favor of the defendants that McCallum, when defendants sounded him out in regard to moving, stated, "Well, that is fine; I have some people who want this room and will take it over right away" (C.-M. 102), and further stated, "Yes, sir, we will release you from this lease" (C.-M. 103). That thereafter, and on the 1st day of May, 1931, the defendants removed from said building at a considerable expense and with the knowledge of the plaintiffs and entered into a written lease for space in another building.

The plaintiffs cite the case of Dunning v. Studt, 51 Okla. 388, 151 P. 1066, as authority for the proposition that a mere rental agent does not have authority to agree to reductions of the rent or to accept a surrender of a lease. We agree with the proposition in that case, but do not think that it applies to the facts herein adduced. In the instant case the agent, McCallum, was known and held himself out with the knowledge and consent of the plaintiffs as the "manager" of the building. The California courts have held in the case of Messner v. Board of Dental Examiners of California, 262 P. 58, that "To 'manage' a place of business is to exercise to some extent at least, control or direction thereof," and in the case of Robert Reis & Co. v. New York Trust Co., 239 N. Y. S. 568, 573, the New York Supreme Court he'd that the "'manager' of a corporation is one who has charge of a corporation and control of its business or branch establishment, and who is vested with certain amount of discretion and independent judgment."

We can reach no other conclusion than that the agent of the plaintiffs. either by the plaintiffs' direction or with their knowl-

edge and consent, held himself out as a general agent with full authority to conduct the business of operating the office building in such a manner as he saw fit, and the apparent authority of an agent is to be gathered from all the facts and circumstances in evidence and is a question for the jury. This proposition has been held by this court from 1908 on. Reed v. Anderson 127 Okla. 64, 259 P. 855; P. Lorillard Co. v. Stevens, 106 Okla. 35, 233 P. 188; Love'and v. Loafman, 92 Okla. 133, 218 P. 851; Reeves & Co. v. Phillips, 53 Okla. 375, 156 P. 1179, and many others.

We are constrained to hold, therefore, that there was sufficient evidence in this case for the jury to find that the agent, McCallum, had apparent authority to release the defendants from their lease and that there was also sufficient evidence to find that he did so and that the defendants, depending upon such release, went to an expense and incurred other liabilities which would not have been incurred in the absence of such an agreement, all with the knowledge of the plaintiffs in this case.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry Campbell, Jr., Floyd L. Rheam, and Paul Avis in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Campbell and approved by Mr. Rheam and Mr. Avis, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.