## FIRST NAT. BANK OF SALLISAW v. HOUSTON.

No. 1022.   Opinion Filed November 14, 1911.

(119 Pac. 587.)

APPEAL AND ERROR — Review — Sufficiency of Evidence. Where the case turns upon a question of fact, and the issue joined is fairly presented to a jury, a judgment entered upon their verdict will not be reversed, when there was evidence· adduced reasonably tending to support it.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Action by the First National Bank of Sallisaw against John Houston. Judgment for defendant, and plaintiff brings ·error. Affirmed.

*Wm. L. Curtis* and *J. W. Watts,* for plaintiff in error.

*T. F. Shackelford,* for defendant in error.

KANE, J.   This was an action commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover certain moneys, which were alleged to be due the plaintiff from the defendant, in substance as follows:   Said plaintiff held a mortgage against one Harvey Houston upon certain growing crops and live stock, which debt was evidenced by a promissory note payable to plaintiff; that said defendant, John Houston, agreed to pay said indebtedness in consideration of the plaintiff surrendering to him the said mortgaged property.   After the issues were joined, there was a trial by jury, which returned a verdict in favor of the defendant, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The defendant denied that he agreed to pay the debt of his brother Harvey Houston upon the mortgaged property being turned over to him, and testified that the agreement between himself and the bank was, in substance, as follows:   The defendant agreed to take charge of the crop, gather it, and pay it over to plaintiff, who agreed to pay him 75 cents per hundred for picking the cotton and $1 per load for hauling the cotton and corn.   That under this agreement plaintiff received the sum of $41.40, after paying for picking, hauling, rents, etc.   That the plaintiff offered to sell the property to the defendant for $135, the amount of Harvey Houston's indebtedness to it, which proposal was rejected by him, and he afterwards stated that he would sell the cows for $45 and make certain other arrangements about the balance of the mortgaged property, and pay the balance, if any, which proposition was rejected by the plaintiff. The jury returned a verdict in accordance with the defendant's theory of the case, and, as there was evidence reasonably tending to support it, we are not at liberty to disturb it.

We have examined all the assignments of error, and we are of opinion that none of them warrant a reversal.   The case turns principally upon a question of fact, and, as the issue joined was

fairly presented to the jury, and they decided it in favor of the defendant on the merits of the case, we are required by section 5680, Comp. Laws 1909, to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

The judgment of the court below is affirmed.

TURNER, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., absent and not participating.