## AMERICAN WELL & PROSPECTING CO. v. SPEAR.

No. 643.    Opinion Filed November 14, 1911.

(119 Pac. 586.)

**APPEAL AND ERROR** — Review — Sufficiency of Evidence.    Where there is evidence reasonably tending to sustain the verdict of a jury, a judgment entered thereon will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from District Court, Marshall County;*
*D. A. Richardson, Judge.*

Action by D. A. Spear against the Fall River Oil & Gas Company, the American Well & Prospecting Company intervening. Judgment for plaintiff, and intervener brings error. Affirmed.

*Cornelius Hardy; Veasey & Rowland,* and *Kenneth H. Davenport,* for plaintiff in error.

*Summers Hardy* and *William M. Franklin,* for defendant in error.

KANE, J.  This was an action, commenced by the defendant in error, plaintiff below, against the Fall River Oil & Gas Company, wherein certain personal property was attached as belonging to the gas company.  There was judgment by default against the gas company for the amount claimed, and the question of the attachment was tried out between the plaintiff in error here, who intervened, and the plaintiff in the original action, so that the controversy is now between the intervener, who lost below, and the defendant in error, plaintiff below.

The interpleader contends that the judgment of the court below ought to be reversed upon the following grounds:  (1) The court erred in overruling the interpleader's motion to direct a verdict.  (2)  The court erred in overruling the interpleader's motion for a new trial.  (3)  The court erred in excluding from the consideration of the jury the interpleader's Exhibits 'B and C.

We do not believe that any of these grounds are well taken. The interpleader alleges, in substance, that it delivered the property involved to one Douglass under a written contract with him, by the terms of which it was to retain title until the same was fully paid for; that the property was never paid for; and that therefore it was entitled to its possession as owner thereof. By way of answer, the plaintiff alleged, in substance, that Douglass was a stockholder in the gas company; that, in consideration of the issuance of said stock to him, with the full knowledge and consent of the interpleader, he sold and transferred the attached property to said gas company; that afterward Douglass transferred said stock to the intervener, who thereupon ratified and confirmed the sale of the attached property by Douglass to the gas company.  There was evidence tending to sustain the allegations of the plaintiff's answer, and that, under a long line of decisions by this and other courts, precludes us from interfering with the verdict of the jury in his favor.

We think the court below succinctly stated the issues joined by the pleadings in its instructions, as follows:

"The defendant having made no defense, the issue to be determined by the jury is one purely between the plaintiff and

interpleader, and the issue to be determined is the ownership of the property. Now, the court would instruct you·that, if you find that the interpleader accepted this stock in payment for the debt which Douglass owed it, then, in that event, the interpleader did not have title at the time it interpleaded, and you should find for the plaintiff. If you believe that Douglass turned over his stock, but as security, then, in that event, the court would instruct you that it would be your duty to find for the interpleader."

That seems to us to be all there is to the case, and, as the question of the ownership of the property was settled by the verdict of the jury, this court will not disturb it.

The remaining assignments deal with alleged defects in the pleadings and proceedings, which do not seem to affect the substantial rights of the adverse party. The statute provides that "* * * No judgment shall be reversed or affected by reason of such error or defect." (Section 5680, Comp. Laws, 1909.)

The judgment of the court below is affirmed.

All the Justices concur.