## LYNCH *et al.* v. HALSELL.

### No. 2045. Opinion Filed July 18, 1912.

### (125 Pac. 725.)

**APPEAL AND ERROR**—Review—Questions of Fact. This court will not disturb the findings of the trial court on the facts, where there is any material evidence reasonably tending to support such finding.

(Syllabus by Brewer, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by C. B. Lynch and Jay Forsyth, copartners as Lynch & Forsyth, against E. L. Halsell. Judgment for defendant, and plaintiffs bring error. Affirmed.

*John B. Meserve* and *P. L. Thurman,* for plaintiffs in error.

*Rodgers & Clapp,* for defendant in error.

Opinion by BREWER, C. Suit on debt. This suit was tried in the superior court of Muskogee county October 21, 1909,

by the court; a jury having been waived by the parties. The court found the issues in favor of the defendant, and that he go hence with his costs. From this judgment, the plaintiffs below, as plaintiffs in error here, appeal.

The plaintiffs for their cause of action alleged that in June, 1907, they had paid to the Tulsa Street Railway Company $427.45 for the defendant, under an oral contract so to do, and that he would reimburse them therefor. The defendant filed general denial.

At the trial one of the plaintiffs and the defendant were the only witnesses who testified. The only complaint made here is "that the finding and judgment of the court is not sustained by sufficient evidence." The plaintiffs contend that, under all the evidence, when analyzed and fairly considered, they are entitled to recover; that there is no substantial conflict in the same. We have examined all the evidence, and cannot agree with this contention.

The plaintiffs owned and were selling an addition to the town of Tulsa, consisting of 60 acres. A number of lots had been sold, and the defendant was the owner of eight lots. Plaintiffs wanted the street railway line extended through the addition, and spoke to the defendant about contributing to this end. One of the plaintiffs testified, in substance, that the defendant authorized him to deal with the railway company, to pay out whatever was necessary; and that defendant would repay them. Defendant testified that he had a conversation with one of the plaintiffs, in which he stated that he would be willing to contribute whatever was proper, and his just and reasonable share, towards getting the extension made, but that he never, at any time, authorized plaintiffs to make any agreement for him, or to pay out any moneys for him; and that he had sent plaintiffs $150 as a voluntary subscription towards getting the railway.

Taking the evidence as a whole, it is very probable that after plaintiffs had a somewhat indefinite conversation with the defendant they, being large owners of lots and vitally interested in the extension of the car line, went ahead, without any specific authority from defendant, and paid the necessary

amount to the railway company, believing they could induce the defendant later to pay them what they figured would be a proper amount. The defendant did not understand it this way, and was not willing, and claims that he did not agree for them to exercise their judgment as to what he should pay, and then pay it for him.

The court saw and heard the witnesses and weighed their evidence, and we cannot say that there was no evidence to sustain its findings. This court has repeatedly held, in an unbroken line of cases, that it will not disturb the findings of the jury or of the court, when trying the facts, if there is any evidence reasonably tending to support such findings. *Hampton v. Culberson,* 29 Okla. 468, 118 Pac. 134; *American Well & Prospecting Co. v. Spear,* 31 Okla. 22, 119 Pac. 586; *First National Bank of Sallisaw v. Houston,* 31 Okla. 24, 119 Pac. 587; *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Kaufman v. Boismier,* 25 Okla. 252, 105 Pac. 326; *Armstrong Byrd & Co. v. Crump,* 25 Okla. 452, 106 Pac. 855; *Wade v. Cornish,* 23 Okla. 40, 99 Pac. 643; *C., R. I. & P. Ry. Co. v. Broe,* 23 Okla. 396, 100 Pac. 523; *Hussey v. Blaylock,* 21 Okla. 220, 95 Pac. 773.

The cause should be affirmed.

By the Court: It is so ordered.