**SNYDER CO-OP. ASS'N v. BROWN et al.**

No. 8764—Opinion Filed April 30, 1918.

(172 Pac. 789.)

1. **Weights and Measures—Liability of Dealer or Speculator in Cotton.**

A dealer or speculator in cotton who weighs cotton for the public and charges a fee therefor becomes liable to the public weigher of the county or his deputy, for the penalty provided in section 1747, Rev. Laws 1910, and the same may be recovered in a civil action for damages in any court of competent jurisdiction.

2. **Same—Action for Penalty—Evidence.**

An examination of the record in the instant case shows that the testimony reasonably tends to support the findings and judgment appealed from.

(Syllabus by Galbraith, C.)

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by J. F. Brown and B. W. Poteet against G. D. Thompson, James Grant, J. A. Krueger, and the Snyder Co-operative Association. Actions dismissed as to Krueger, and verdict for Thompson and Grant, and also a judgment for Brown and Poteet against the Snyder Co-operative Association, from which it brings error. Affirmed.

Geo. L. Zink and Joseph H. Cline, for plaintiff in error.

Tolbert & Tolbert, for defendants in error.

Opinion by GALBRAITH, C. This action was commenced in the trial court by the public weigher of Kiowa county, and his deputy for the Snyder precinct, against the Snyder Co-operative Association, a corporation, and others as dealers and speculators in cotton, to recover the statutory penalty provided for the benefit of the public weigher by section 1747, Rev. Laws 1910, against a dealer in cotton who shall weigh cotton for the public and charge a fee therefor. There was a trial to the court and a jury, and a verdict returned against the Snyder Co-operative Association and in favor of Brown and Poteet in the sum of $300, and judgment rendered thereon, to review which this appeal has been duly perfected.

The principal errors argued in the brief are that the judgment is contrary to law, and that it is not supported by the evidence. Section 1745, Rev. Laws 1910, provides, in part, as follows:

"No person shall be appointed as a county weigher or deputy weigher or weigh for the public who is in any wise interested as a dealer or speculator or as an agent, or employe of any firm, company or corporation, in the sale or purchase of cotton, grain, live stock, hay, cotton seed, * * * broom corn and all other farm products sold by weight."

Section 1746 provides for the manner of weighing cattle and provision to be made therefor. Section 1747 provides:

"Any person, firm or corporation who shall violate any of the provisions of the two preceding sections shall be liable to the public weigher for damages in a sum not to exceed five dollars for each load or draft so unlawfully weighed, to be recovered in any court having competent jurisdiction thereof."

The provision of section 1745, above quoted, is modified by the proviso in section 1749, as follows:

"Provided, however, that any person, firm or corporation may weigh any product for any other person, if such person, firm or corporation so weighing is a bona fide purchaser of such product; but no charges shall be made or received for such weighing under the penalty aforesaid."

It is alleged in the petition, and supported by the evidence, that the Snyder Co-operative Association, whose place of business was at the town of Snyder, in Kiowa county, was an extensive dealer in cotton; that it owned and maintained a cotton yard, scales, and a cotton gin and advertised extensively in various ways that it weighed cotton for the public free; that on the printed cotton ticket issued at its scales it was recited that the weighing was done free; and that it recited a charge of 10 cents for insurance and 25 cents for yardage. It was alleged, and supported by the evidence, that this charge of 10 cents for insurance was a subterfuge by means of which a fee for weighing cotton was collected, and by so doing the association violated the statute above set out and became liable to the public weigher and his deputy for the penalty prescribed by section 1747, supra. The court in submitting the case to the jury, after stating the issues made by the pleadings, stated the issues submitted to the jury in instruction No. 5, as follows:

"You are further instructed that if you find and believe from the evidence that subsequent to the 21st day of October, 1915, and prior to and including November 6, 1915, the defendants held themselves out as public weighers or weighed for the public for compensation, then the defendants would be liable to the plaintiffs for damages in a sum not to exceed $5 for each load or draft so unlawfully weighed during said time, not to exceed the sum of $2,500, the amount sued for in this action."

And in instruction No. 6, as follows:

"You are instructed that if you find and believe from the evidence that the weighing of cotton by the defendants was done without charging a weighing fee therefor, then your verdict should be for the defendants; but, on the other hand, if you find and believe from the evidence that the charging of 10 cents upon each bale of cotton weighed by the defendants and designated by said defendants as an insurance fee was but a subterfuge, and was in fact a fee charged by the defendants for the weighing of such cotton, then your verdict should be for the plaintiffs."

The issue made by the pleadings in the instant case was whether or not the plaintiff in error did weigh cotton for the public for hire, and thereby incur the penalty provided by the statute, as claimed in the petition. It will be observed that this issue was squarely presented to the jury in the instructions quoted above. The verdict rendered by the jury was a finding upon that issue, in favor of the public weigher and against the Snyder Co-operative Association. An examination of the record shows that there is abundant testimony therein tending to support the finding and verdict of the jury. The settled rule in this jurisdiction is that the finding and verdict of the jury, in a law action, reasonably supported by the evidence, is conclusive upon the appellate court. Lynch et al. v. Halsell, 34 Okla. 307, 125 Pac. 725. An examination of the record discloses an abundance of testimony tending to support the finding of the jury. The assignment of error under consideration must therefore be overruled.

There were a number of errors assigned in the petition in error, but none of these present any serious question for consideration. For instance, it is urged that the court erred in denying the motion for a continuance presented at the time the case was called for trial; the ground of the motion being that one of the counsel for the plaintiff in error who resided at Snyder, and who had charge of one branch of the defense, was seriously ill and unable to be present at the trial and was in such a mental and physical condition that he could not, with safety to his health, be consulted in regard to the case, and for that reason a postponement of the trial was asked. The court said that the party was represented by two able lawyers present, and denied the continuance. The application was addressed to the sound judicial discretion of the court. It does not appear that in this instance this discretion was abused.

Other assignments are set out in the petition, but an examination of these does not seem to call for specific enumeration or consideration.

No prejudicial error having been shown, we conclude upon the whole record that the judgment appealed from should be affirmed.

By the Court: It is so ordered.