## PAULSEN v. HOURIGAN.

No. 13369—Opinion Filed June 17, 1924.

### Appeal and Error—Law Action—Verdict—Conflicting Evidence—Affirmance.

In a law action where issues of fact are submitted to the jury under proper instructions and verdict returned, a judgment based thereon will not be disturbed where there is evidence in the record which reasonably tends to support the verdict of the jury.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; A. S. Wells, Judge.

Actiin by H. C. Paulsen against J. E. Hourigan, to recover on two promissory notes. Judgment for defendant, and plaintiff brings error. Affirmed.

In 1918 one Chas. F. Bach was engaged in selling stock for the American Packing

Company located in El Reno. He sold stock of the company to the defendant, J. E. Hourigan, taking in payment therefor the two notes sued on in this action, each for the sum of $525. It appears that none of the stock was ever issued or delivered to the defendant. As an inducement to the sale of said stock Bach represented to Hourigan, who was a stock man, that the American Packing Company was a going concern then actually engaged in the buying and slaughtering of cattle and hogs, and that the company was paying dividends. These representations were false for the reason that the American Packing Company was not a going concern, was not engaged in buying and slaughtering live stock, but the plant which it presumably owned was leased to other parties and was being operated as an ice plant. Within a short time after taking these notes, which were made payable to Bach personally and not to the American Packing Company, Bach assigned and transferred the notes to the plaintiff, H. C. Paulsen, who was a stockholder in the American Packing Company and acquainted with the situation and conditions of the company. Upon the trial of the case the defense admitted the execution of the notes, but pleaded fraud and failure of consideration, and that plaintiff was not an innocent purchaser for value. Upon the trial these issues of fact raised by the answers of the defendant were determined by the jury in favor of the defendant, and judgment rendered on the verdict. After unsuccessful motion for new trial, plaintiff has brought the case here by petition in error with case-made for review. The parties will hereafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Babcock & Trevathan, for plaintiff in error.

J. F. Thomas, for defendant in error.

Opinion by LOGSDON, C. Plaintiff assigns five errors in his petition in error, but all of the assignments are argued under the single proposition that the evidence is insufficient to sustain the verdict of the jury and the judgment based thereon.

No complaint is made of the instructions of the court so that it must be assumed that the court properly instructed the jury upon all questions of law applicable to the facts in evidence. There was practically no conflict in the evidence as to the fraudulent representations made to the defendant by Bach to induce the execution of the notes sued on in this action. There was a conflict in the evidence as to whether the plaintiff

was an innocent purchaser for value of these notes. The jury under instructions, which are not questioned, determined this controverted issue of fact against the plaintiff. An examination of the record discloses that there is ample evidence in the record, although there is a conflict, to sustain the conclusion reached by the jury upon this question.

Under the unbroken line of decisions by this court, where issues of fact are submitted to a jury under proper instructions, and there is evidence in the record which reasonably tends to support the verdict of the jury, this court will not disturb a judgment based thereon. First Nat. Bank v. Houston, 31 Okla. 24, 119 Pac. 587; Burns v. Vaught, 27 Okla. 711, 113 Pac. 906; Allen v. Kenyon, 30 Okla. 536, 119 Pac. 960; Davis v. Williams, 32 Okla. 27, 121 Pac. 637; St. Louis & S. F. R. Co. v. Dale, 36 Okla. 114, 128 Pac. 137; St. Louis & S. F. R. Co. v. Akard, 60 Okla. 4. 159 Pac. 344.

The judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.