**P. LORILLARD CO. v. STEVENS et al.**

No. 14031—Opinion Filed Jan. 27, 1925.

1. **Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In a law action where issues of fact are submitted to the jury under proper instructions and verdict returned, a judgment based thereon will not be disturbed where there is evidence in the record which reasonably tends to support the verdict of the jury.

2. **Principal and Agent—Authority of Agent—Jury Question.**

The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence and is a question of fact for the jury.

(Syllabus by Pinkham, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by R. B. Stevens and Joe Wolf against P. Lorillard Company. From judgment in favor of the plaintiffs, defendant brings error. Affirmed.

Charles Mitschrich and Stevens & Cline, for plaintiff in error.

J. A. Diffendaffer, for defendants in error.

Opinion by PINKHAM, C. The defendants in error, as plaintiffs, filed this action in the district court of Comanche county against the plaintiff in error, as defendant, to recover the sum of $532.67, for balance alleged to be due for merchandise sold and delivered.

The parties will be referred to as they appeared in the trial court.

The defendant filed its verified general and specific denial admitting only that the plaintiffs are a copartnership and that the defendant is a corporation.

The case was tried before the court and jury, resulting in a verdict for the plaintiffs in the sum of $532.67.

Motion for a new trial was overruled, exceptions duly allowed, and defendant appeals to this court.

The record discloses that the plaintiffs, in 1920 and prior thereto, were engaged in the wholesale cigar and tobacco business at Lawton, Okla.; that they had business dealings and transactions with the defendant company, and that one Harry J. Lindsley was at that time agent of the defendant, with headquarters at Oklahoma City.

It further appears that one S. Weis succeeded the said Lindsley as the general agent or head salesman in Oklahoma, of the defendant company.

It appears that in June, 1920, the said Weis called upon the plaintiff Stevens, and represented to him that he had taken Mr. Lindsley's place as manager. The plaintiff then informed Mr. Weis that he was overstocked with Turkish cigarets and would like for him, Weis, to help the plaintiff in moving them; that Mr. Weis informed the plaintiff that if he did anything he would have to take the cigarets up with the Kansas City office and the Texas office of the defendant company, as the Oklahoma territory was well supplied with Turkish cigarets; that later the plaintiff received a letter from Mr. Weis, which letter stated, in effect, that pursuant to their conversation with reference to the sale of the cigarets, arrangements had been made to sell all of a certain brand of cigarets at prices quoted.

The letter further stated, "If you have any more on hand of these brands, ship them, but full cartons only."

The defendant's first assignment of error in its brief goes to the introduction in evidence of this letter. It does not appear that its genuineness was questioned by the defendant. The plaintiff Stevens testified, without objection, that he had received this letter from Mr. Weis, and later during the course of the trial Mr. Weis was introduced as a witness for the defendant and admitted having written the letter in question.

The plaintiff Stevens testified that a part of this letter had been misplaced in his office; that he had searched for it and was unable to find it; that the contents of the balance of the letter consisted of instructions to ship the cigarets to J. A. Brown at the Kansas City office of the defendant company; that he did so, and that later he received a check from the said Brown in

the sum of $165.87, as part payment on the shipment, leaving a balance of $550.67.

The second assignment of error is that the court refused to permit defendant to make proof upon cross-examination of the witness Stevens, that Stevens bought or succeeded to the interest of Wolf, his former partner, and acquired all the interest of Wolf in the business; and that the said Stevens was the sole owner of the account sued upon.

We think there is no merit in this contention. In the answer of defendant, which was verified, defendant admits that plaintiffs are a copartnership.

A further complaint is made that the entries in the books of plaintiffs were improperly offered in evidence. It was the theory of defendant, not that the account for items thereof was not correct, but that the defendant was not liable to the plaintiffs on the sole ground that their agent, Mr. Weis, did not buy the goods for defendant.

Defendant further complains of the introduction of evidence showing other and similar transactions between the defendant and the plaintiffs, as well as between defendant and other persons.

The record discloses that one J. A. Brown represented the defendant company at Kansas City. Mo., and the record further shows that Weis had charge of the entire business of defendant in Oklahoma with reference to the handling of cigarets, and that Brown had entire charge of the cigaret business of defendant at Kansas City.

The record discloses that Weis contracted with plaintiffs for the cigarets in question at Lawton, and that these cigarets were shipped by plaintiff to Brown, the agent of the defendant company, in Kansas City.

It is the contention of defendant that Brown was not authorized to receive the goods, and that Weis was not authorized to buy the goods for defendant.

Evidence was introduced by the plaintiffs over the objection of defendant to the effect that the defendant company had on a number of occasions through its representatives, including Mr. Weis, purchased cigarets from its overstocked customers—the plaintiff being among the number—and had paid for the same. The testimony objected to by the defendant was introduced for the purpose of showing similar transactions, and that the transaction involved in this case was one of common occurrence, and was handled in the same way that the defendant company usually handles cigarets when taking them up from a customer where he was overstocked.

This evidence, we think, was competent in view of the peculiar facts and circumstances of the case, and was admissible solely for the purpose of enabling the jury to determine to what extent the defendant was liable to the plaintiffs who in good faith had dealt with the admitted representatives of the defendant company.

There is no dispute in the record as to Weis being the representative of the defendant company in Oklahoma so far as handling the cigaret branch of its business was concerned, and that Mr. Brown occupied a similar position with the defendant company at Kansas City, and there is no dispute as to the amount and value of the cigarets shipped by the plaintiffs at the instance of Weis to the Kansas City representative of the defendant company.

Whether Mr. Weis was authorized to take up the cigarets involved, and whether the company's representative at Kansas City, Mr. Brown, had the authority to receive the stock in question. and whether the defendant company was liable to the plaintiffs for these acts of defendant's agents were questions of fact to be determined by the jury under proper instructions of the court.

"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence and is a question of fact for the jury." Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

We conclude from an examination of the entire record there was sufficient evidence to sustain the conclusion reached by the jury. In many decisions this court has announced the rule, that where issues of fact are submitted to the jury upon proper instructions, and there is evidence in the record which reasonably tends to support the verdict of the jury, this court will not disturb the judgment therein. Paulson v. Hourigan, 100 Okla. 53. 227 Pac. 82, and cases there cited.

An examination of the instructions given by the court shows that the law of the case was fairly and correctly stated. and fully presented the issues in the cause.

We therefore conclude that the judgment of the trial court herein should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853; (2) 2 C. J. p. 962.