**NEW YORK LIFE INSURANCE CO. v. WILSON, Adm'r.**

No. 27728.   Oct. 19, 1937.

Rehearing Denied Dec. 7, 1937.

Wilson & Wilson (Louis H. Cooke, of counsel), for plaintiff in error.

Rittenhouse, Webster & Rittenhouse and Felix C. Duvall, for defendant in error.

"Keaton, Wells, Johnston & Barnes, amici curiae.

DAVISON, J. This is an appeal from a judgment of the district court of Kay county. The plaintiff, R. O. Wilson, instituted the suit as administrator of the estate of Alfred Heinemann, deceased, to recover on an insurance policy in the principal sum of $3,000 written by the defendant, New York Life Insurance Company, upon the life of Alfred Heinemann. Judgment was rendered for the plaintiff. Defendant appealed. The parties will be referred to as they appeared in the trial court.

This litigation arose over the interpretation of a provision in the insurance policy giving the right to the insured to change beneficiary. The record shows that the original beneficiary named in the policy was the wife, Blanche Heinemann, who predeceased her husband; that, on August 5, 1929, Alfred Heinemann executed on proper forms his nomination of Bernice Heinemann, his daughter, as beneficiary. The nomination was transmitted by an attorney of Newport, Ark., to the home office of the insurance company in New York City on the date it was executed, and was received September 16, 1929, and the notation of changed beneficiary made thereon as per request of August 5, 1929. The insured died on August 10, 1929. The new beneficiary, being a minor, Sol Heinemann was appointed as her guardian in the state of Arkansas. The guardian having made proper proofs of death, the insurance company paid to him, as such guardian, $3,034.10. The guardian, Sol Heinemann, had been on September 13, 1929, appointed administrator of the estate of the deceased by the county court of Kay county, Okla., but had been removed, and the plaintiff, R. O. Wilson, appointed in his place and later authorized by that court to institute this suit against the insurance company.

The plaintiff alleges in his petition his appointment as administrator, the existence of the insurance policy, the death of the original beneficiary, the death of the insured and due proof of same, and the refusal on part of the insurer to pay the amount due the estate under the provisions of the policy, and asks for judgment.

The defendant answered, alleging the written request of the insured for change of beneficiary, dated August 5, 1929, and admitted that the insurance policy was not attached to the request for change of beneficiary and forwarded at the same time, but was forwarded thereafter, and change of beneficiary noted thereon, and when so made under the express written terms of the insurance policy, such change related back to and did take effect as of August 5, 1929, the date of the written notice of the change by the insured. The defendant further alleged in its answer the appointment of a guardian for the new beneficiary in the policy; the proof of death and the payment to such guardian of the full amount due under the terms of the policy, and denies any liability to the estate of the insured.

The change of beneficiary clause in question, written into the policy, provides:

"Change of Beneficiary.—The Insured may at any time, and from time to time, change the beneficiary, provided this policy is not then assigned. Every change of beneficiary must be made by written notice to the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company, and unless so indorsed the change shall not take effect. After such indorsement the change shall relate back to and take effect as of the date the Insured signed said written notice of change whether the insured be living at the time of such indorsement or not. In the event of the death of any beneficiary before the insured the interest of such beneficiary shall vest in the Insured."

The correspondence relative to the change of beneficiary, in so far as necessary to show here, is in substance as follows: A letter dated August 5, 1929, from Gustave Jones, attorney of Newport, Ark., stating the enclosure of instructions for change of beneficiary in the policy or policies of Alfred Heinemann; that the policies were in Ponca City, Okla., and would be forwarded that day for endorsement; that he could not give the number of the policy; that Heinemann's wife, the beneficiary named, was dead, and he wished the proceeds paid to his daughter, Bernice, as stated in inclosed change of beneficiary.

The letter, with request for change of beneficiary, shows to have been received at the home office of the company on August 7, 1929. The instructions for change of beneficiary, dated August 5, 1929, at Newport, Ark., and addressed to the New York Life Insurance Company, on blank form of the company, is as follows:

"The Beneficiary under the accompanying Policy No. 6254323 who is to receive

the proceeds thereof upon due proof of the death of the insured is hereby changed in accordance with the Change of Beneficiary clause thereof to my daughter, Bernice Heinemann, such change to take effect only when indorsed on said policy by the Company at the Home Office.

"The policy is not now assigned.

"Alfred Heinemann, Insured.
"Sol Heinemann, Witness."

On August 14, 1929, the insurance company wrote the attorney as follows:

"Answering your communication of August 5th, please have the insured send to us for our files, his affidavit giving date of the death of his wife, and also let us have the policy for indorsement as no change of beneficiary takes effect until indorsed on the policy by the Company at the Home Office."

The letter then asked for any other policies that might have been issued by that company where change in beneficiary might be desired.

It is the contention of the defendant that the change of beneficiary became effective prior to the death of the insured upon receipt at the home office of the insurance company of his request for such change, all happening during his lifetime, notwithstanding the original policy was not sent in at the time for notation of such change, for reasons stated in the letter transmitting the same.

The plaintiff seems to rely principally upon the literal interpretation of the portion of the change of beneficiary clause which provides:

"Every change of beneficiary must be made by written notice to the Company at its Home Office, accompanied by the policy for indorsement of the change thereon by the Company, and unless so indorsed, the change shall not take effect."

The plaintiff does not contend that the policy must be inclosed with the request for change of beneficiary, but that it was necessary and essential that insured should have surrendered or forwarded the policy to the company for endorsement of change of beneficiary prior to his death. That was done in the instant case even though it did not reach the home office until after the insured's death.

Very few citations have been presented for our consideration showing where this court has had under consideration a similar question. The plaintiff has cited Carson v. Carson, 166 Okla. 161, 26 P. (2d) 738, and contends that it is controlling under the facts in the instant case.

Let us compare the facts in the Carson Case with the facts in the case at bar. In that case the request for change of beneficiary was mailed to the company on April 25, 1929. On May 7, 1929, the request for change was returned to the insured, suggesting that when the insured obtained possession of the policy he should then submit the request for change in beneficiary for the company's consideration with the policy for the necessary endorsement. After the request that the original policy be returned, the insured lived for approximately five months and took no proceedings to secure the policy from his divorced wife. This court held that in returning the request for change in beneficiary, the company had not waived the strict compliance with the terms of the policy. It further held that the "provisions in a life insurance policy providing for a change of beneficiary and prescribing a mode for such change are for the benefit of the insurer and may be waived in the absence of a vested interest of the beneficiary." The policy was never delivered for change in beneficiary, neither was there during the life of the insured any proof or contention submitted to the insurance company showing that it was beyond the power of the insured to comply literally with the regulation. The court held the newly suggested beneficiary and the estate of the deceased were estopped by failure to comply with the request to deliver the policy.

In the instant case the company received the application for a change of beneficiary on August 7, 1929, with a letter explaining why the policy was not inclosed, and on August 10, 1929, the insured died. On August 14, 1929, before the company knew of the death of the insured, it wrote to the agent of the insured and asked for an affidavit relative to the date of death of the former beneficiary, and also asked for the policy. No return was made of the application for change of beneficiary and the making of the change was delayed until the policy was received. The policy was properly received by the company on September 13, 1929, and on September 16, 1929, the proper change of beneficiary made thereon.

The company waived the strict compliance with the rule for changing of beneficiary which was written into the policy for the protection of the company. The policy provides:

"* * * After such indorsement the change shall relate back to and take effect as of the date the Insured signed said written notice of change whether the Insured be living at the time of such indorsement or not."

In the instant case, it was endorsed after the death of the insured. There was no refusal whatever on the part of the company to accept the application for change in beneficiary without the policy, while in the Carson Case the court said:

"On the contrary, the record discloses that the insurance company positively declined to recognize the request for a change of beneficiary except upon a return of the policy as provided in the contract."

It is very apparent from the record that the insured in the instant case did all within his power to deliver the policy within the shortest possible time, considering the fact that he was in Arkansas and the policy in Ponca City, Okla. In the Carson Case this court said:

"Three alleged recognized exceptions to the general rule are stated. * * * The third is: If the insured has pursued the course pointed out by the by-laws and has done all in his power to change the beneficiary, but before a new certificate is issued he dies, a court of equity will decree that to be done which ought to have been done, and act as though the certificate had been issued."

The policy does not provide that the change of beneficiary is not effective until endorsed upon the policy, but does provide "and unless so endorsed the change shall not take effect." There is no requirement that the endorsement be made while the insured is still alive, nor that the policy leave the possession of the insured while he is alive or be received by the company while the insured is alive.

It might be said that upon the death of the insured his estate may have had a vested interest in the proceeds of this policy. Such a right was subject to the action of the company upon receipt of a prior notice of change of beneficiary, and by the terms of the contract, if the company endorsed the policy in favor of another beneficiary, such endorsement relates back to a time prior to the vesting of any interest in the estate.

It is not disputed that the company may endorse a policy after the death of the insured and be effective as of the date that the application for change of beneficiary was executed.

With these observations before us, we unhesitatingly conclude that the facts in the Carson Case are quite different from the facts in the instant case, and the holding of this court in the Carson Case is not controlling in the instant case.

It was said in Northern Life Insurance Co. v. Burkholder, 131 Ore. 537, 283 P. 739, in discussing the same question:

"When the change, or attempted change, was made, Marti's 'estate' was in effect himself. There was no administrator in existence and no actual beneficiary in existence whose consent was required. The contract at the time was a two-party contract, the insurer and the insured. He could forfeit the policy for nonpayment and there was no beneficiary who could step in and keep up the payments, or claim the right to a paidup policy equal to the amount of premiums paid. So, between him and his estate, there was no distinction. What he did his 'estate,' through him, consented to and what he did bound his administrator." Citing authorities.

We think this language might well apply in the instant case.

In Adams v. Adams (Tex.) 78 S. W. (2d) 664, the court held:

"A change of beneficiary in a life policy is regarded as accomplished if insured does all that he can reasonably do to perfect change during lifetime. * * *

"Change of beneficiary for which insured executed application which he mailed to insurer, held effective as against original beneficiary, though application was not received in insurer's home office and change was not endorsed thereon until after the insured's death. * * *

"Life policy provision that change of beneficiary is ineffective until endorsed on policy may be waived by insurer, and it alone can object to change of beneficiary on ground change was not endorsed during insured's lifetime."

These holdings seem to be the rule adopted in this state in Modern Woodmen of America v. Terry, 54 Okla. 308, 153 P. 1124, and in many other states in this and other districts, among which are included: Ruggeri v. Griffiths (Pa.) 173 Atl. 396; Brown v. Union Central Life Ins. Co. (Tex.) 72 S. W. (2d) 661; Farley v. First Nat. Bank (Ky.) 61 S. W. (2d) 1059; Bell v. Criv-

iansky (Mont.) 37 P. (2d) 673; Mutual Life Ins. Co. of New York v. Lowther, 22 Colo. App. 622, 126 P. 882.

Practically all of the citations in the briefs presented are cases where the litigation is between two alleged beneficiaries and the insurance company 'a mere stakeholder and neither parties had been paid anything.

In Levy v. New York Life Ins. Co., 266 N. Y. 570, 195 N. E. 204, the insurance company, as in the instant case, had paid the money prior to the institution of the action. Notice to change beneficiary was received by the company the day before the insured died, but the policy was not received. Several months thereafter, the company paid the beneficiaries named in notice of change of beneficiaries. The policy permitted the insured to change beneficiaries by written notice accompanied by the policy when delivered to insurance company, the change not to take effect unless endorsed on the policy by the insurance company. The appellate court held that the transaction in question was strictly between the defendant company and the insured; that the insured in exercising the right to designate a beneficiary should not be bound to a strict compliance with the provisions of the policy calling for its delivery to the company with the change of beneficiary; that the insured had waived the provisions which were for his protection; and that the company in paying the proceeds to the widow and children had waived those same provisions which were also for its protection. The judgment was affirmed. We think the holding in that case applies in the instant case and is not distinguished by the fact that in the Levy Case the insured had made a will, which in no way affected the matter of changing beneficiaries.

The only other case brought to our attention where the insurance company was sued by an alleged beneficiary is the case of Goodrich v. Equitable Life Assurance Society of the United States (Neb.) 197 N. W. 380. In that case the request for change of beneficiary was not received at the home office until after the death of the insured due to the fault of the insurance company's agent, and the action of the insurance company in paying the substituted beneficiary was sustained even though the company had not received the notice of request for change

of beneficiary until more than a month after the date of the death of the insured. In that case the policy provided that the change in beneficiary was not to take place until endorsed on the policy by the company, while in the instant case the policy provided that "unless so endorsed the change shall not take effect," but further provided that "after such endorsement, the change shall relate back to and take effect as of the date the insured signed said written notice of change, whether the insured be living 'at the time of such endorsement or not."

We think the following rule mentioned by this court in Carson v. Carson, supra, is applicable here:

"If the insured has pursued the course pointed out by the by-laws and has done all in his power to change the beneficiary, but before a new certificate is issued he dies, a court of equity will decree that to be done which ought to have been done and act as though the certificate had been issued."

Especially should such a rule apply in the instant case, where the insurer waived the strict requirement for delivering the policy, which requirement was only for its protection, and has already paid the full amount due on the policy. This rule is endorsed and made a part of the test in Cooley's Briefs on Insurance, vol. 7, p. 6455, Second Edition, and has been followed by the various courts therein cited 'as well as in numerous other cases cited in briefs presented herein.

The judgment of the trial court not being supported by either the facts or the law, same is reversed and the cause remanded, with instructions that judgment be entered for the defendant. Reversed.

OSBORN, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.