Jerry Jeanne IVEY and Richard D. Teubner, Guardians of Olive W. Thomas, an Incompetent Person, Plaintiffs in Error,

v.

Jerry E. WOOD, Defendant in Error.

No. 40278.

Supreme Court of Oklahoma.

Dec. 17, 1963.

Ted R. Fisher, Campbell & Campbell, Tulsa, Phil Wettengel, St. Louis, Mo., for plaintiffs in error.

Dyer, Powers & Gotcher, Tulsa, Harry L. Dyer, William K. Powers, Deryl L. Gotcher, Tulsa, John S. Robinson, Tulsa, of counsel, for defendant in error.

WILLIAMS, Justice.

The principal question to be decided in this appeal is whether one who changed the beneficiary on a group life insurance policy was clothed with authority to so act on behalf of the insured.

This action was initiated by plaintiffs in error, hereinafter referred to as plaintiffs, guardians of Olive W. Thomas, to recover all the proceeds of a group life insurance policy issued by The Prudential Insurance Company of America, hereinafter referred to as Prudential, on the life of Floyd Thomas. Defendant in error, Jerry E. Wood, hereinafter referred to as defendant, was inter-pleaded as a defendant.

On August 6, 1958, a meeting was held to explain to Floyd Thomas and his fellow employees a group life insurance plan their employer was providing. The employees were directed to complete a "group insurance enrollment and record card". On the front of his card, in the space designated

for listing his beneficiary, Thomas wrote "Olive W. Thomas, Wife". When such card was introduced in evidence at the trial, across the top of Thomas' card had been written "same beneficiaries as under pension plan." The parties stipulated that such was not in the handwriting of Thomas. On the back of such card under the space designated "changes of beneficiary (employer's use only)" was the following: "Olive W. Thomas, wife and/or Jerry B. Wood, friend equally or to survivor".

The effective date of such insurance was August 1, 1958. Thomas was killed accidentally on November 2, 1958. "About two days" after his death, Thomas' certificate of insurance was issued. Listed therein as beneficiaries were "Olive W. Thomas and Jerry B. Wood, wife and friend, in equal shares or the survivor, if any." The certificate was completed and issued by the Graphic Arts Guild, a trade association of which Thomas' employer was a member. At the time of his death, Thomas had not seen such certificate of insurance.

Plaintiffs' evidence was to the effect that at the meeting on August 6, 1958, an ample supply of enrollment cards was available; that at such meeting the procedure for changing beneficiaries was explained; that at no time did Thomas fill out or sign a change of beneficiary card; that there was sufficient space on the enrollment card to designate two beneficiaries; that Thomas was an intelligent person and could fully understand an instrument such as the enrollment card.

Defendant's evidence was to the effect that in his "application for participation in retirement plan", (Pension plan), Thomas designated "Olive W. Thomas Wife" and "Jerry E. Wood friend" beneficiaries; that to friends of many years he described Jerry E. Wood as a close friend; that at the meeting on August 6, 1958, Thomas told the office manager and secretary-treasurer of his company that he wanted Jerry Wood to be a beneficiary as under the pension plan, and asked him how to do it; that such official referred Thomas to Mr. Prier, the representative of the brokerage insurance firm placing the insurance; that Prier wrote the notation, "same beneficiaries as under pension plan", across the top of Thomas' enrollment card; that such notation was written at the request of Thomas; that Thomas advised friends that he had a brokerage account with defendant and they were partners in the stock and bond business; that subsequent to August 6, 1958, Thomas told friends that his wife and defendant were to share equally in his group life insurance.

The trial court rendered judgment in favor of defendant for one-half of the proceeds of Prudential's policy. Plaintiffs appeal from such judgment and the overruling of their motion for a new trial. Plaintiffs present the assignments of error relied upon for reversal under five propositions. The first proposition is: "The judgment awarding Jerry E. Wood one-half interest in the life insurance proceeds payable upon the accidental death of Floyd J. Thomas, was rendered in violation of the parol and extrinsic evidence rule and should be reversed." The plaintiffs contend "that the parol evidence rule, which is a part of the substantive law of Oklahoma is controlling in the case at bar and requires a reversal of the trial court's judgment." Plaintiffs further contend that the enrollment card was complete on its face.

We are of the opinion that there was ambiguity on the face of the enrollment card as to the beneficiary intended by the insured. Such card expresses two apparently contradictory and conflicting intentions. In one place on the card the insured's wife is designated as the beneficiary. Across the top of the card the beneficiaries designated are the ones under the pension plan. Such being the case, the intention of the insured as to the beneficiary is far from manifest.

In the case of Rush v. Champlin Refining Co., Okl., 321 P.2d 697, 700, 701, this Court said:

"A deed should be interpreted and the meaning of the parties thereto ascertained in the same manner as other

written contracts. Jennings v. Amerada Petroleum Corporation, 179 Okl. 561, 66 P.2d 1069. The language of the contract, if clear and explicit and free from ambiguity, governs the interpretation, 15 O.S.1951 § 154; and when the contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. 15 O.S.1951 § 155. Unless the instrument is ambiguous, it is the duty of the court to interpret it and parol evidence is not competent to explain it or to vary its terms. Jennings v. Amerada Petroleum Corporation, supra. When a deed possesses an element of ambiguity or uncertainty, however, parol evidence, the admissions of the parties and other extraneous circumstances may be proved to ascertain its true meaning. This rule is applicable, however, only when the uncertainty or ambiguity is intrinsic and is shown on the face of the instrument. Jennings v. Amerada Petroleum Corporation, supra, Wilson v. Olsen, 167 Okl. 527, 30 P.2d 710."

Since there was an ambiguity on the face of the enrollment card, parol evidence was admissible to ascertain the intention of the insured Thomas.

Plaintiffs' second proposition is: "The beneficiary named in the original formal written application for life insurance, is entitled to prevail, over an additional beneficiary shown in the certificate of insurance issued or delivered after the death of insured, in the absence of a written signed request by insured for a change of the beneficiary shown in the original application."

Mr. Prier testified that:

"A. Well, he appeared to me and he had already filled out this card just as you see it here * * * and he said to me that he wanted to make the same beneficiary designation but there wasn't room here, how could he do that, and at the time I told him, 'We will take care of that, we will make the same designation as under the pension plan,' and right there at that moment, in his presence, with other people around, I took a pencil out of my pocket and wrote this along the top, 'Same beneficiary as under the pension plan.'

"Q. This was at his request?

"A. Very definitely."

* * * * * *

"A. I had no objection to it at the time, because he had said, 'I want to make the same designation as I had on the pension plan,' and when he enrolled on the pension plan, at that time there was an objection, that is to say Mr. Lovas who was the group representative of the Prudential, was sitting at my side and Mr. Thomas approached the desk where we were and asked if he could do this. He had it written out."

* * * * * *

"A. At that time he asked if he could do this. I showed his card to Mr. Lovas, seated on my right and asked if the company had any objection to his making out the beneficiary in this way and he said, no, that the company would permit him to name any one that he chose to name."

* * * * * *

"Q. That was when the enrollment was made of the pension plan, where he designated his wife and Jerry Wood?

"A. That is right.

"Q. Now, then, at the conclusion of the enrollment for the insurance plan, he said he wanted it done in the same way as he did in the other?

"A. Yes, sir."

In the case of Flournoy v. Hewgley, Okl., 10 Cir., 234 F.2d 213, 216, is the following language:

" * * * At another place in the deposition the agent testified the insured told him that 'he did not want any of his life insurance proceeds going into Mrs. Hewgley's estate; that he wanted the proceeds or balance of un-

paid proceeds to be divided equally among his three children.' * * * Such statements are also admissible in this case to show the extent of the authority of Connery in effectuating the purported change of beneficiary. * *"

As we view Prier's testimony he was acting as an agent for Thomas when he made the notation on the enrollment card.

In the first paragraph of the syllabus in the case of Benham v. Selected Inv. Corp., Okl., 313 P.2d 489, we held:

"An implied agency may be established from words or conduct of the parties and circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be implied from a single transaction."

■ The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence. P. Lorillard Co. v. Stevens, 106 Okl. 35, 233 P. 188. An agent's authority will be implied, where necessary to carry out the purpose expressly delegated to him. Advance-Rumely Thresher Co. v. Alexander, 156 Okl. 150, 9 P.2d 934.

In the case of Elliott v. Mutual Life Ins. Co. of New York, 185 Okl. 289, 91 P.2d 746, 748, we said:

"The fact that Craig, as agent, signed the principal's name without indicating that the act was done by an agent rather than the principal does not destroy the binding force of the act. Youngs et al. v. Perry et al., 42 App.Div. 247, 59 N.Y.S. 19; Mechanics' Bank of Alexandria v. Bank of Columbia, 5 Wheat. 326, 5 L.Ed. 100; Daniel's Negotiable Instruments, 6th Ed., Vol. 1, sec. 383. Nor is there any other evidence in the record which negatives the probative force of the evidence reviewed.

"We are impelled to conclude as did the trial court, upon consideration of the applicable rules of law set forth, supra, that Craig in consummating a

surrender and cancellation of the policy was acting as the agent of Beard within the scope of his actual authority as expressly, and by necessary implication conferred upon him, and that the means and method adopted by him in carrying out the delegated authority were within the contemplation of the parties."

■ We determine that the evidence establishes that Prier was acting within the scope of his authority as agent for Thomas when he wrote the notation on the enrollment card.

Proposition III of plaintiffs is: "Olive W. Thomas, the only beneficiary named in the formal written application of the insured, has a vested right to all life insurance proceeds, over Jerry E. Wood whose name appears as a joint beneficiary with Olive W. Thomas in the certificate of insurance issued, where it is clearly shown that the insured never had the opportunity to accept or reject the certificate containing two named beneficiaries therein, after the issuance and delivery of such certificate."

Mr. Prier testified:

"Q. * * * Approximately at what time with reference to Floyd Thomas' death, then, would you say that you wrote this upon the back of the card here?

"A. It was before his death."

■ Plaintiffs contend that the issuance of the certificate of insurance with the two beneficiaries constituted a counter offer by Prudential which had to be accepted by Thomas. We do not agree. Prior to the issuance of the certificate Thomas, through his agent Prier, advised Prudential that he wanted joint beneficiaries and the certificate conformed to such request. There was no counter offer to accept. The certificate of insurance listed as beneficiaries those whom previously Thomas had designated through his agent Prier.

Plaintiffs' fourth proposition is: "Evidence of oral expressions of intent by the insured Thomas, to effect a change of bene-

**626**

ficiary, in the absence of any positive formal steps by him to accomplish such change, is not sufficient to effect a change of beneficiary from the designation contained in the original form of application for the insurance."

Thomas did all that was required of him to change the beneficiary. He advised the representative for the brokerage firm placing the insurance that he desired to have the same beneficiaries that he had under his pension plan. The representative made a written notation of such desire and assured him that he would take care of the matter. Later Thomas advised friends of what he had done. Since the certificate of insurance for Thomas had not been issued, all that remained to be done was to enter the change on the back of the enrollment card.

In the case of Harjo v. Fox, 193 Okl. 672, 146 P.2d 298, 301, we said:

"The general rule is that where the insured has done all in his power to effect a change of beneficiaries, and after his death only ministerial acts remain to be performed, the courts may regard that as done which ought to have been done and treat the non-performance of such ministerial acts as immaterial. 37 C.J. 585; 29 Am.Jur. 985; 78 A.L.R. 947 note; New York Life Ins. Co. v. Wilson, 181 Okl. 363, 73 P.2d 1133."

Plaintiffs' last proposition is: "The Trial Court committed reversible error in its findings of material ultimate facts, and in its conclusions of law, and judgment refusing to award plaintiffs in error all of the life insurance death benefits payable upon the accidental death of Floyd J. Thomas, as against the claim of Jerry E. Wood, defendant in error, for one-half such death benefits."

It is our opinion that in the foregoing treatment of plaintiffs' first four propositions we have discussed and answered any and all questions raised in their fifth proposition.

We hold that there is ample competent evidence in the record to support the findings of fact made by the trial court. The trial court's conclusions of law are in accord with applicable principles of law.

Affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.