SANFORD CRAWFORD

v.

VIRGIL PARSONS

(CC 828)

Submitted April 11, 1956.     Decided May 29, 1956.

*Geo. R. Farmer,* for plaintiff.

*Jackson, Kelly, Holt & O'Farrell, David D. Johnson,* for defendant.

GIVEN, JUDGE:

Plaintiff, Sanford Crawford, instituted his action against defendant, Virgil Parsons, in the Circuit Court of Monongalia County for recovery of damages alleged to have resulted from negligence of defendant in the operation of an automobile in which plaintiff, at the time of injury, was riding as an invited guest. Defendant filed an amended plea in bar to the declaration and plaintiff demurred to the plea, setting up three grounds of demurrer. The trial court overruled the demurrer as to grounds 1 and 2 and sustained the demurrer as to ground 3. The trial court, on its own motion, certified its rulings on the demurrer to this Court.

The plea alleges that at the time of the injury "both the Plaintiff and the Defendant were employees of the Isner Baking Company * * * and the Plaintiff was employed as Branch Manager of its Morgantown Branch, being a supervisor of eight men who were employed by

the Isner Baking Company, said Isner Baking Company being a large organization employed many other employees, and said Plaintiff, Sanford Crawford, was not an officer nor a stockholder of said Isner Baking Company, a corporation, but was merely an employee for the Isner Baking Company over whom the Isner Baking Company directed the manner of the execution of his service, and could discharge him at will, and the Defendant was employed as its Route Supervisor, and that at the said time of the said happenings mentioned in the Plaintiff's declaration, Plaintiff and Defendant were fellow employees and were engaged in the pursuit of the business of said Isner Baking Company, and that the said Defendant at the said time was operating his said automobile mentioned in the declaration in this case, as the agent and employee of the said Isner Baking Company, upon company business for the said Isner Baking Company, and that said Plaintiff and Defendant as employees of the said Isner Baking Company were protected by the Workmen's Compensation Law of the state of West Virginia, since their employer Isner Baking Company, was a subscriber to said compensation fund, and that the said Plaintiff has been awarded compensation for the injuries received in the said action mentioned in said declaration, and has accepted payments from said Workmen's Compensation Fund for the aforesaid injuries, and that by virtue of the provisions of the laws of the state of West Virginia the immunity from liability for the matters and things set forth in Plaintiff's declaration extended to this Defendant, * * *".

The grounds of the demurrer are: "1. Said plea alleges plaintiff was employed by Isner Baking Company as its Morgantown Branch Manager and Section 1, Article 2, Chapter 23, Code, specifically provides that 'Managers' shall not be deemed employees within the meaning of that chapter. 2. Section 6a of Article 2, Chapter 23, Code, extends exemption from liability for injuries to employees who are such employees within the meaning of that chapter. Plaintiff is not such employee. 3. Section 6a,

Article 2, Chapter 23, Code, was enacted as a part of Chapter 136, Acts of Legislature of West Virginia of 1949 and is unconstitutional * * *", for the reasons that the purposes thereof are not expressed in, nor germane to, the title of the Act, and therefore are violative of Section 30 of Article VI of the State Constitution; and that the same is violative of the due process clauses of the State and Federal Constitutions.

Points 1 and 2 of the demurrer may be considered together. They are based principally on the contention that plaintiff was not an employee within the meaning of the compensation statutes and therefore not governed by those statutes and, not being an employee, the provisions of those statutes do not afford immunity from liability to the defendant. Code, 23-2-1, as amended, provides that all persons in the service of employers as therein defined, and employed by them for the purpose of carrying on the industry, business or work in which they are engaged "* * * are employees * * * Provided, however, that this chapter shall not apply * * * [to] a member of a firm of employers, or any official of an association or a corporation employer, including managers * * *". Section 6 of Article 2 of the same chapter provides that "Any employer subject to this chapter who shall elect to pay into the workmen's compensation fund the premiums provided by this chapter shall not be liable to respond in damages at common law or by statute for the injury or death of any employee however occurring * * *". Section 6a of Chapter 136 of the 1949 Acts of the Legislature, now Section 6a of Article 2 of Chapter 23 of Michie's 1955 Code of West Virginia, reads: "The immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention."

There appears to be no question that if the facts alleged in the plea do not establish that plaintiff was a "manager" within the meaning of the pertinent statute

quoted above, the trial court was correct in overruling the demurrer as to grounds 1 and 2 thereof. We are of the view that the facts alleged in the plea are sufficient, if proved, to establish that plaintiff was merely an employee, within the meaning of the statute, and that the action of the trial court in overruling the demurrer as to grounds 1 and 2 thereof was correct. While the plea describes the position of plaintiff as "Branch Manager", it also alleges that plaintiff and defendant were "fellow employees and were engaged in the pursuit of the business" of the employer; that plaintiff was "merely an employee"; that plaintiff was neither "an officer nor a stockholder" of the employer; that "Plaintiff and Defendant as employees * * * were protected by the Workmen's Compensaton Law" of West Virginia; and that plaintiff has been "awarded compensation for the injuries received in said action mentioned in said declaration, and has accepted payments from said Workmen's Compensation Fund for the aforesaid injuries". While it is true that the plea describes plaintiff as "Branch Manager" of the employer, the allegations as to the nature of his status as an employee, his duties and his responsibilities, are sufficient to show that he was merely "Branch Manager" in name or, perhaps, a mere employee with certain fixed duties and responsibilities far short of those of a manager. In *West Virginia Coal & Coke Corporation* v. *State Compensation Commissioner,* 116 W. Va. 701, 182 S. E. 826, this Court held: "1. Under the provision of the Workmen's Compensation Act (Code 1931, 23-2-1) that members of firms and officers, including managers, shall not be included within the protection of said act, the question whether in a given instance a corporate representative is a manager must be determined upon the facts presented." See *Employers Mutual Liability Ins. Co.* v. *Industrial Commission,* 230 Wis. 670, 284 N. W. 548; *Commonwealth* v. *Johnson,* 144 Pa. St. 377, 22 A. 703; *Braniff* v. *McPherren,* 177 Okla. 292, 58 P. 2d 871; "Manager", Words & Phrases, Permanent Edition.

Is Section 6a of Article 2 of Chapter 136 of the 1949

Acts of the Legislature unconstitutional for the reason that its object is not embraced in the title of that act, as violative of Section 30 of Article VI of the State Constitution? The title to the Act in question reads: "AN ACT to amend and reenact sections eleven and seventeen, article one; to amend and reenact section five, article two, and to amend article two by adding thereto a new section, to be designated section six-a; to amend and reenact sections one, two, three, four, six, six-a, eight, nine, ten, fourteen, fifteen, fifteen-b and sixteen, article four, and to amend article four by adding thereto four new sections, to be designated sections eight-d, eight-e, eight-f and fifteen-c; and to amend and reenact section five, article five; all of chapter twenty-three of the code of West Virginia, one thousand nine hundred and thirty-one, as amended, and all relating to workmen's compensation and its administration."

In *Roby, Mayor, et al.* v. *Sheppard, Mayor, et al.*, 42 W. Va. 286, 26 S. E. 278, this Court held: "2. In the case of a statute amendatory of a prior one, where the question is whether the object is sufficiently expressed in the title, it is unnecessary to inquire whether the title of the amendatory statute be in itself sufficiently expressive of such object, if the title of the first act be sufficient to embrace the matters contained in the amendatory act. As to the title of acts amending the Code, see opinion." See *City of Wheeling, etc. ex rel. Carter, et al.* v. *American Casualty Co.*, 131 W. Va. 584, 48 S. E. 2d 404; *Leonhart* v. *Board of Education*, 114 W. Va. 9, 170 S. E. 418; *Brewer* v. *City of Point Pleasant*, 114 W. Va. 572, 172 S. E. 717; *State* v. *Furr*, 101 W. Va. 178, 132 S. E. 504. The title to the original Act, Chapter 10, 1913 Acts of the Legislature, reads: "AN ACT to provide for the administration of a workmen's compensation fund by the public service commission and to define the powers, duties and liabilities of said commission in respect of said fund, and to provide a method of compensation for employes that may be injured, or the dependents of those killed in the course of their employment, from said fund to be

raised and paid into the hands of the state treasurer as herein set forth; and to define and fix the rights of employes and employers; and to define the defenses that may be made by employers in actions for damages arising from death and personal injury; and to provide a method of raising said fund to meet the disbursements that may be ordered to be made under this act, and also to provide for the payment of a proportion of the salaries and expenses of said commission and its employes, and for appeals from the rulings of said commission; and for defining the classes of employers and employes who may bring themselves under this act; and also defining those defenses that those employers not bringing themselves under this act may make in actions for damages arising from death of, or personal injury to, their employes."

The title to the original Act is very comprehensive, descending, perhaps, to particulars more than is usually done in titles to Acts. Of special application and significance is the phrase "and to define and fix the rights of employes and employers", clearly bringing within the orbits of the Act the object of Section 6a. See *Prager* v. *Chapman & Sons Co.,* 122 W. Va. 428, 9 S. E. 2d 880; *Hood* v. *City of Wheeling,* 85 W. Va. 578, 102 S. E. 259; *State ex rel. Hallanan* v. *Thompson,* 80 W. Va. 698, 93 S. E. 810; *State* v. *Haskins,* 92 W. Va. 632, 115 S. E. 720.

Plaintiff relies heavily on language used in the opinion in *Tawney* v. *Kirkhart,* 130 W. Va. 550, 44 S. E. 2d 634, and on the holding in *Prager* v. *Chapman & Sons Co.,* 122 W. Va. 428, 9 S. E. 2d 880. The language in the *Tawney* case was used before the effective date of Section 6a and was with reference to a situation where there existed no "constitutional or statutory provision" relating to liability of co-employees of an employer covered by workmen's compensation statutes. The *Prager* case is readily distinguishable from the instant case, since the Act there involved attempted "to permit injured workmen of non casual employers, not contributors to the fund, to institute actions at law, and to recover damages for acciden-

tal injuries, and extending the same right to their personal representatives in the case of accidental death, where the employer has not been guilty of any wrongdoing, neglect or default * * *". Neither of these cases, we think, constitutes any authority or basis for holding Section 6a unconstitutional.

Is Section 6a unconstitutional as being violative of the due process provisions of the State and Federal Constitutions? The theory on which the section is claimed to be unconstitutional seems to rest on the argument that it is arbitrary and capricious legislation in that it deprives an injured employee of his common law action to sue a tort feasor for his negligent conduct. We think the argument without substantial merit. In 2 Larson, Workmen's Compensation, Section 72.20, it is said: "It is perfectly possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the co-employee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts. This reasoning can be extended to the tort-feasor co-employee; he too is involved in the compromise of rights. Perhaps one of the things he is entitled to expect in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault. The sense of moral indignation expressed by some courts at the thought of relieving the co-employee of the normal consequences of his wrongdoing will bear some closer examination. It must never be forgotten that the co-employee, by engaging in industrial work over a period of years, is subjected to a greatly increased risk not only of being himself injured, but also of himself negligently causing injury. In other words, by becoming employed in industry, particularly in hazardous industry, the worker enormously multiplies the probability of not only injury to himself but liability on himself. And, if whenever his own negligence caused injury he might be liable to pay thousands of dollars in

damages, the beneficient effects of workmen's compensation might be offset by the potential liabilities which confront the worker, particularly in activities where the risk of injury is great." See *Northern Pacific Ry. Co.* v. *Meese,* 239 U. S. 614, 60 L. ed. 467, 36 S. Ct. 223; *Fellows* v. *Seymour,* 13 N.Y.S. 2d 803; *Hayes* v. *Marshall Field & Co.,* 351 Ill. App. 329, 115 N. E. 2d 99; *Coker* v. *Gunter,* 191 Va. 747, 63 S. E. 2d 15. We conclude that Section 6a is not unconstitutional as to either ground upon which it is attacked.

The action of the Circuit Court of Monongalia County will be affirmed as to its rulings relating to Points 1 and 2 of the demurrer, and reversed in so far as it relates to Point 3 thereof.

*Rulings affirmed in part; reversed in part.*