IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

**FILED**

**November 17, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0589

CHAD EDWARDS AND MATTHEW MAXWELL,
Defendants Below, Petitioners

v.

RHONDA STARK, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE
ESTATE OF ROBERT E. STARK,
Plaintiff Below, Respondent.

_____

Appeal from the Circuit Court of Harrison County
The Honorable James A. Matish
Case No. 20-C-267-3

REVERSED AND REMANDED
_____

Submitted:  September 14, 2022
Filed: November 17, 2022

Frank E. Simmerman, Jr., Esq.
Chad L. Taylor, Esq.
Frank E. Simmerman, III, Esq.
SIMMERMAN LAW OFFICE, PLLC
Clarksburg, West Virginia
Petitioners' Counsel

Douglas R. Miley, Esq.
Timothy R. Miley, Esq.
THE MILEY LEGAL GROUP, PLLC
Clarksburg, West Virginia
Respondent's Counsel

JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

2. "[West Virginia Code § 23–2–6a (1949)] extends the employer's immunity from liability set forth in [West Virginia Code § 23–2–6 (2022)] to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." Syllabus Point 4, *Henderson v. Meredith Lumber Co.*, 190 W. Va. 292, 438 S.E.2d 324 (1993).

3. "To properly plead a prima facie case under [West Virginia Code § 23-4-2(d)(2)(A)], the statute requires an employee set out *deliberate intention* allegations. Under the statute, *deliberate intention* allegations may only be satisfied where it is alleged an employer acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury." Syllabus Point 9, *Tolliver v. Kroger Co.*, 201 W. Va. 509, 498 S.E.2d 702 (1997).

WALKER, Justice:

After Rhonda Stark's husband died in a workplace accident in 2019, she received workers' compensation dependent's benefits based on Mr. Stark's employment with the City of Shinnston. She then sued two of Mr. Stark's supervisors – Petitioners Chad Edwards and Matthew Maxwell – claiming that they are liable for his death based on theories of deliberate intent under West Virginia Code § 23-4-2(d)(2)(A) (2015) and the tort of intentional and reckless conduct. Petitioners moved to dismiss the claims against them on the grounds of workers' compensation immunity and immunity under the Governmental Tort Claims and Insurance Reform Act,[1] but the lower court found that they could be held personally liable and denied the motion.

On appeal, we find that workers' compensation immunity insulates Petitioners from liability for claims other than for heightened deliberate intent under § 23-4-2(d)(2)(A). But in this case, Mrs. Stark fails to state a heightened deliberate intent claim because under no set of facts consistent with her allegations can she prove the elements of a claim under § 23-4-2(d)(2)(A). So, we reverse the circuit court's order and remand this case with instructions to enter an order granting Petitioners' motion to dismiss.

---

[1] W. Va. Code § 29-12A-1, *et seq.* (1986).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robert Stark died on June 14, 2019, while digging a trench during his course of business as a City Public Works and Utilities Division employee for the City of Shinnston, West Virginia. Petitioner Matthew Maxwell was Public Works Supervisor for the City and supervised Mr. Stark. Petitioner Chad Edwards was City Manager and supervised Mr. Maxwell and Mr. Stark. Sometime around August 2018, the City had started planning for a storm-drain installation project along Van Rufus Drive.

Mrs. Stark alleges that while the City planned the project, some of its employees told their supervisors that it exceeded their capabilities because unstable soil surrounded the area, the project required a deep trench, the City's equipment was unsuitable, and the City failed to properly train them. The City considered contracting the job to a more capable third-party but refused all quotes. Petitioners chose to execute the project using City equipment and employees, including Mr. Stark. But Mrs. Stark contends that neither the City nor Petitioners ever possessed proper equipment, trained their employees for the project, or ensured compliance with safety standards. On June 14, 2019, Petitioners required Mr. Stark to trench an untested and unmonitored area, and the trench collapsed and killed him.

Based on the workers' compensation benefits provided to City employees, Mrs. Stark received dependent benefits after the death of her husband. She also filed a

2

two-count complaint against Mr. Maxwell and Mr. Edwards in the Circuit Court of Harrison County on November 17, 2020, which she amended a very short time later. Count I of the amended complaint is a heightened deliberate intent claim under § 23-4-2(d)(2)(A), and Count II is a claim described as "intentional and reckless conduct."[2] Respondent alleges that Petitioners caused Mr. Stark's death by failing "to implement safe work practices and procedures for employees under their supervision and control," and it lists numerous safety standards they allegedly breached.

On December 28, 2020, Petitioners filed a motion to dismiss both claims under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The motion raised three grounds for dismissal: (1) *Apogee Coal Co. LLC*[3] prohibits heightened deliberate intent claims against non-employers as well as five-factor deliberate intent claims; (2) the workers' compensation system provides the exclusive remedy for the workplace injury;

---

[2] Respondent's initial complaint asserted a five-factor deliberate intent claim under West Virginia Code § 23–4–2(d)(2)(B) (2015). We note that an employee cannot bring a five-factor deliberate intent claim against a co-employee. *See Young v. Apogee Coal Co. LLC*, 232 W. Va. 554, 564, 753 S.E.2d 52, 62 (2013) ("[West Virginia Code § 23–4–2(d)(2)(B)] provides for a 'deliberate intent' cause of action against an employer only."). The parties do not dispute that Mr. Maxwell and Mr. Edwards were Mr. Stark's co-employees.

[3] 232 W. Va. at 554, 753 S.E.2d at 52.

and (3) West Virginia Code § 29-12A-5(b) (1986), part of the Tort Claims Act, insulates Petitioners from the claims because they serve as political subdivision employees.

By order entered June 30, 2021, the circuit court denied the motion to dismiss as to both counts of the amended complaint. First, the circuit court found that *Apogee Coal Co. LLC* prohibits only five-factor deliberate intent claims brought against non-employers under West Virginia Code § 23-4-2(d)(2)(B)—not heightened deliberate intent claims brought under § 23-4-2(d)(2)(A). So, the circuit court allowed Mrs. Stark's heightened deliberate intent claim to proceed. Second, the circuit court found that workers' compensation benefits did not provide the exclusive remedy for the intentional and reckless conduct claim since Mrs. Stark "assert[ed] this claim . . . in order to establish individual liability on the part of these [Petitioners], not to establish liability on the part of the City." Third, the circuit court acknowledged that the Tort Claims Act does not insulate political subdivision employees from suit when the claims fall within an exception listed in the statute. But it bypassed the question of whether a heightened deliberate intent claim qualifies as one of the exceptions. Instead of analyzing the exceptions, the circuit court found that because Respondent "wishes to hold [Petitioners] *personally* liable for damages in this matter, damages which a jury might determine are in excess of the recovery she received from the workers compensation benefits[,]" the Tort Claims Act does not immunize Petitioners from liability.

Petitioners appeal the order and raise four assignments of error. Their first two assignments of error mirror each other, so we will address them as one. Petitioners assert that the circuit court erred by allowing (1) the deliberate intent claim to proceed, since the Tort Claims Act omits deliberate intent claims as a listed exception to political subdivision employee immunity, (2) either claim to proceed since West Virginia Code § 23-2-6 (2022) provides workers' compensation immunity to the City and West Virginia Code § 23-2-6a (1949) extends the immunity to Petitioners as City employees, and (3) either claim to proceed because ignoring statutory immunities violates public policy.

## II. STANDARD OF REVIEW

When a circuit court dismisses a complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, we review the decision de novo on appeal.[4] On the other hand, orders denying motions to dismiss generally constitute non-appealable interlocutory orders; but a defendant may appeal them when the circuit court denies an immunity defense.[5] In that case, we likewise apply a de novo standard of review.[6] When assessing whether a complaint states a valid claim, we take its allegations as true and

---

[4] *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

[5] *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 660, 783 S.E.2d 75, 81 (2015) (citing *Hutchison v. City of Huntington*, 198 W. Va. 139, 147, 479 S.E.2d 649, 657 (1996)).

[6] *Marple*, 236 W. Va. at 660, 783 S.E.2d at 81 (citing Syl. Pt. 4, *Ewing v. Bd. of Educ. of Summers*, 202 W. Va. 228, 503 S.E.2d 541 (1998)).

construe them in the light most favorable to the plaintiff.[7]  "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[8]

## III.  ANALYSIS

We begin our analysis by considering the workers' compensation immunity defense of Mr. Maxwell and Mr. Edwards.  With that immunity established, a heightened deliberate intent claim represents the only potential claim against them.  But because Mrs. Stark fails to allege a valid heightened deliberate intent claim, workers' compensation immunity insulates Petitioners from both Counts I and II of the amended complaint.  So, we need not address possible immunity under the Tort Claims Act.

### A.     *Workers' Compensation Immunity*

Workers' compensation immunity protects employers from tort liability related to death or injury to covered employees, when the employers maintain workers' compensation insurance:

> Any employer subject to this chapter who procures and
> continuously  maintains  workers'  compensation  insurance  as

---

[7] *John W. Lodge Distrib. Co., Inc. v. Texaco Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978).

[8] Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

required by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default and has complied fully with all other provisions of this chapter . . . .[9]

And § 23-2-6a extends an employer's workers' compensation immunity to any employee acting in furtherance of the employer's business.[10] As we recently explained, "by the incorporation of the provisions describing an employer's immunity contained in West Virginia Code § 23-2-6 into West Virginia Code § 23-2-6a, the same sweeping immunity applies to co-employees."[11]

The parties do not dispute that the City maintained workers' compensation insurance or that it satisfied the other requirements for workers' compensation immunity. So, the City possesses the immunity, which protects it from suit related to the injury or death of covered employees, like Mr. Stark. And the City's immunity extends to Petitioners who acted in furtherance of the City's business by, in this instance, managing the Van Rufus project. Deliberate intent claims represent the sole exception to Petitioners' immunity under § 23-6-2a: "[West Virginia Code § 23–2–6a (1949)] extends the

---

[9] W. Va. Code § 23-2-6.

[10] *See* W. Va. Code § 23-2-6a.

[11] *Goodman v. Auton,*____W. Va. ___, ___ S.E.2d ____ 2022 WL 16646324 at *3 (W. Va. Nov. 3, 2022).

7

employer's immunity from liability set forth in [West Virginia Code § 23–2–6 (2022)] to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and *does not inflict an injury with deliberate intention*."[12]  So, to state a claim upon which relief may be granted against Petitioners, Respondent needs to allege a valid deliberate intent claim.

## B.    *Deliberate Intent Exception*

An employer or employee may lose the benefit of workers' compensation immunity if "the employer or person against whom liability is asserted acted with 'deliberate intention[.]'"[13]  The workers' compensation statute allows for two types of deliberate intent claims:  (1) heightened deliberate intent claims under West Virginia Code § 23-4-2(d)(2)(A), and (2) five-factor deliberate intent claims under § 23-4-2(d)(2)(B)(i)-(v).[14]  As noted above, employees covered by workers' compensation may sue covered co-

---

[12]  Syl. Pt. 4, *Henderson v. Meredith Lumber Co.*, 190 W. Va. 292, 438 S.E.2d 324 (1993) (emphasis added).

[13]  W. Va. Code § 23-4-2(d)(2).

[14]  To recover for a five-factor deliberate intent claim, a plaintiff must prove:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (ii) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong

8

employees for § 23-4-2(d)(2)(A) heightened deliberate intent claims but not § 23-4-2(d)(2)(B) five-factor deliberate intent claims.[15] As provided in the statute, liability for a heightened deliberate intent claim may be proved by showing that the defendant deliberately formed the intent to cause the specific result of injury or death:

> (2) . . . [The deliberate intent] requirement may be satisfied . . . if:
>
> (A) It is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the

---

> probability of serious injury or death presented by the specific unsafe working condition[;]
>
> . . . .
>
> (iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer[;]
>
> . . . .
>
> (iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (v) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(B)(i)-(v).

[15] *See Apogee Coal Co. LLC*, 232 W. Va. at 554, 753 S.E.2d at 52.

9

specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (i) Conduct which produces a result that was not specifically intended; (ii) conduct which constitutes negligence, no matter how gross or aggravated; or (iii) willful, wanton or reckless misconduct[.][16]

In Syllabus Point 9 of *Tolliver v. Kroger Co.*, we discussed the allegations needed to establish a heightened deliberate intent claim:

> To properly plead a prima facie case under [West Virginia Code § 23-4-2(d)(2)(A)], the statute requires an employee set out *deliberate intention* allegations. Under the statute, *deliberate intention* allegations may only be satisfied where it is alleged an employer acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury.[17]

We further explained that "deliberate intention allegations" require "an intentional or deliberate act by [Petitioners] with a desire to bring about the consequences of the act."[18]

In Count I, Mrs. Stark alleges that Mr. Maxwell and Mr. Edwards "violated W. Va. Code § 23-4-2(d)(2), in that they acted with a consciously, subjectively and deliberately formed intention to produce the specific result of death to Robert Stark." To support the alleged heightened deliberate intent claim, Respondent relies upon the

---

[16] W. Va. Code § 23-4-2(d)(2)(A).

[17] 201 W. Va. 509, 498 S.E.2d 702 (1997).

[18] *Id.* at 522, 498 S.E.2d at 715 (quoting *Johnson v. Mountaire Farms of Delmarva, Inc.*, 503 A.2d 708, 712 (1986)).

following allegations, which are more tailored to a five-factor deliberate intent claim: (1) "A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death[,]" (2) "[Petitioners], prior to the injury, had actual knowledge of the existence of the specific unsafe working condition(s) and of the high and strong probability of serious injury or death presented by the specific unsafe working condition(s)[,]" (3) "[t]he specific unsafe working condition was a violation of a commonly accepted and well-known safety standard within the industry or business of [Petitioners][,]" (4) Petitioners "nevertheless intentionally thereafter exposed Robert Stark to the specific unsafe working conditions(s)[,]" (5) causing Mr. Stark's death.

We choose to place substance over form; "a plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint.'"[19] While "we counsel lower courts to rarely grant [12(b)(6)] motions,"[20] we have also encouraged them to do so if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint."[21] We

---

[19] *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 481, 859 S.E.2d 419, 424 (2021) (quoting *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993)).

[20] *Forshey v. Jackson*, 222 W. Va. 743, 749, 671 S.E.2d 748, 754 (2008) (citing *Texaco Inc.*, 161 W. Va. at 605-06, 245 S.E.2d at 159).

[21] *Marple*, 236 W. Va. at 660, 503 S.E.2d at 81 (citing Syl. Pt. 3, *Kane Transfer Co., Inc.*, 160 W. Va. at 530, 236 S.E.2d at 207).

have reiterated that "a complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist."[22]

In this instance, Count I does not state a claim for which relief may be granted under § 23-4-2(d)(2)(A), because Respondent makes no allegations to support an inference that Petitioners acted with the subjective desire to injure or kill Mr. Stark. Instead, she recites the statutory language for a heightened deliberate intent claim but makes factual allegations that support only a five-factor deliberate intent claim. Her allegation that Petitioners "intentionally and recklessly" breached their duties to Mr. Stark does not equate to an allegation that they desired to kill him. And based on the amended complaint's allegations, we refuse to draw such an inference. The statute clarifies that the specific intent standard "may not be satisfied by allegation or proof of . . . conduct which constitutes negligence, no matter how gross or aggravated[,] or . . . willful, wanton or reckless misconduct[.]"[23] In *Tolliver*, we explained, "[t]he language of this provision demands overcoming a high threshold to establish a cause of action under [West Virginia Code § 23–4–2(d)(2)(A)]."[24] We further explained, "[the statutory language] represents a conscious effort to impose severe restrictions on the [workers' compensation immunity]

[22] *Activate Healthcare, LLC*, 245 W. Va. at 481, 859 S.E.2d at 424 (quoting *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 52, 350 S.E.2d 562, 563 (1986)).

[23] W. Va. Code § 23-4-2(d)(2)(A).

[24] *Tolliver*, 201 W. Va. at 522, 498 S.E.2d at 715.

exception, bringing it as close to 'subjective desire to injure' as the nuances of the language will permit[.]"[25]  Respondent cannot prove—under any set of facts consistent with the allegation that Petitioners exposed Mr. Stark to unsafe working conditions in violation of industry safety standards—that Petitioners subjectively desired to kill Mr. Stark.  So, Count I fails to allege a claim upon which relief may be granted, and the circuit court should have dismissed it.[26]

Respondent labels Count II as an intentional and reckless conduct claim, which appears to sound in negligence because she alleges that Petitioners owed duties such as adhering to safety standards and that they intentionally and recklessly breached the duties, causing Mr. Stark's death.  In this count, Respondent does not reference the deliberate intent statute.  Instead, she claims that Count II incorporates Count I "to specify individual liability on the part of Petitioners."  We have found claims do not meet the deliberate intent pleading requirement without referencing the deliberate intent statute.[27]  Even if we consider the alleged conduct as a deliberate intent claim, this count fails to state

[25]  *Id.* at 522-23, 498 S.E.2d at 715-16 (quoting *Bustamante v. Tuliano*, 591 A.2d 694, 697 (1991)).

[26]  *See Activate Healthcare, LLC*, 245 W. Va. at 483, 859 S.E.2d at 426 (granting 12(b)(6) because "nothing in the complaint can be construed to establish the elements of [the claim] . . . .").

[27]  *Tolliver*, 201 W. Va. at 523, 498 S.E.2d at 716 (finding a complaint failed to state a prima facie deliberate intent claim by alleging "[t]he plaintiff . . . was physically assaulted and battered by her supervisor . . . while she was an employee at the Barboursville store.").

13

a claim upon which relief may be granted. As explained above, Respondent cannot prove that Petitioners subjectively desired to kill Mr. Stark by violating the safety standards at issue in this case. So, Petitioners' workers' compensation immunity shields them from this claim, too.[28]

## IV. CONCLUSION

For these reasons, we find that Respondent failed to state a valid deliberate intent claim in Counts I or II. So, Petitioners' workers' compensation immunity insulates

---

[28] The circuit court found that § 23-2-6 does not afford workers' compensation immunity to Petitioners as to Counts I or II since Respondent seeks to hold them personally liable. While we need not address the circuit court's reasoning during our de novo review, we find it necessary to clarify the circuit court's flawed analysis and conclusion. Workers' compensation immunity insulates covered employees from personal liability for actions taken in furtherance of their employer's business. The circuit court's conclusion ignores this State's clear law that "[t]he immunity from tort liability provided by W. Va. Code § 23-2-6a (1949) to . . . coemployees is the same as the immunity from tort liability provided by [W. Va. Code § 23-2-6 (2022)] to an employer." *Deller v. Naymick*, 176 W. Va. 108, 111, 342 S.E.2d 73, 76 (1985) (citing *Bennett v. Buckner*, 150 W. Va. 648, 654, 149 S.E.2d 201, 205 (1966)). And the circuit court erroneously concluded that Petitioners are not entitled to the immunity because Respondent could conceivably recover more in a tort action. As we have stated, both the employer and employee forgo rights when they engage in an employment relationship covered by workers' compensation insurance: "The benefits of this [statutory] system accrue both to the employer, who is relieved from common-law tort liability for negligently inflicted injuries, and to the employee, who is assured prompt payment of benefits." *Naymick*, 176 W. Va. at 110-11, 342 S.E.2d at 75-76 (quoting *Meadows v. Lewis*, 172 W. Va. 457, 469, 307 S.E.2d 625, 638 (1983)). And "among employees, the *quid pro quo* is that each employee surrenders his common law right to bring tort actions against other employees in return for immunity to their tort suits." *Naymick*, 176 W. Va. at 111, 342 S.E.2d at 76 (citing *Crawford v. Parsons*, 141 W. Va. 752, 759, 92 S.E.2d 913, 917 (1956)).

them from the claims, and we remand for the circuit court to enter an order granting their motion to dismiss.

Reversed and Remanded.